NATIONAL CASH REGISTER CO. *v.* ROTH.

CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACT OR LEASE CONTAINING NONE OF THE ELEMENTS OF A CHATTEL MORTGAGE NEED NOT BE RECORDED.

A written agreement in the form of a lease with an option to purchase a cash register on expiration of the rental term, which contained none of the elements of a chattel mortgage, did not need to be recorded to protect the rights of the vendor therein as against the rights of purchasers for value without actual notice.[1]

[1]Sales, 35 Cyc. p. 683.

Error to Wayne; Dingeman (Harry J.), J.    Submitted April 6, 1926.    (Docket No. 15.)    Decided June 7, 1926.

Replevin by the National Cash Register Company against Peter Roth for the possession of a cash register.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Clark, Emmons, Bryant & Klein,* for appellant.

*Joslyn, Joslyn & Joslyn,* for appellee.

SHARPE, J.    Plaintiff delivered to E. D. Chapin, of Detroit, one of its cash registers, taking from him a written instrument, which appears in the margin.[1]

---

[1]THE NATIONAL CASH REGISTER COMPANY, Dayton, Ohio,
    Dated February 5, 1923.        ˢ

Please ship freight prepaid to 8748 Linwood St., Detroit, Wayne county, Michigan, or to the nearest railroad station one of your No. 756, registers MAH finish, denomination of keys standard, for use in Real Estate business, which undersigned hereby agrees to lease from you for a term of 8 months from the arrival thereof and to pay you as rental therefor $190.00 in 8 payments of $20.00 and 1 of $30.

Undersigned further agrees to pay you $30 forthwith and $30 upon arrival of said register as a deposit to partially secure fulfillment of this agreement on the part of the undersigned.

At the expiration of the rental term above specified undersigned agrees to surrender said cash register to you in as good condition as when delivered, excepting damage caused by reasonable wear, whereupon you are to return the amount paid to you as a deposit, provided all terms of this lease have been complied with; undersigned to have the option, after surrendering said register to purchase same upon payment to you of the amount to be deposited as partial security.

It is agreed that upon failure of undersigned to make any payment of rental, or upon the issuance of any attachment, execution, or like process against undersigned, or in the event of undersigned becoming insolvent, or the filing of a petition in bankruptcy by or against him, you may take possession immediately of said register.

It was not recorded. Chapin sold the register to defendant, and plaintiff brought replevin.

The claim of the defendant is thus stated:

"It is the claim of the defendant, first, that the contract, upon which this suit is based, while in the form of a lease, is in actuality a conditional sale, and further, that it is not a pure conditional sale, but rather in effect a chattel mortgage, which would have to be recorded in order to create a lien, valid as to purchasers for value without actual notice."

Applying the tests stated in our recent decisions (*Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15, and *Nelson* v. *Viergiver,* 230 Mich. 38, and those therein referred to) to the instrument in question, we are satisfied that, if it be construed as a contract of sale, it is a conditional one, and did not need

In the event undersigned should refuse to accept said register, or fail to pay any installment of rental promptly when due, undersigned hereby authorizes and empowers any attorney of any court · of record in this State or elsewhere to appear for and enter judgment with or without declaration against undersigned and assess damages as follows: In the event of refusal to accept register in an amount equal to twenty-five per cent. of the rental for the full term as herein expressed, which amount is hereby considered and agreed upon by both parties hereto as proper liquidated damages for such refusal.

Should said register get out of order from ordinary use within one year from shipment, you will repair it free of charge provided undersigned pays the transportation charges on it, to and from your factory or nearest agency capable of making the repairs, or traveling expenses of repairman. Undersigned to pay for any repairs made without your authorization.

Should the register be lost or stolen, destroyed, injured or damaged by fire or otherwise, before the rental has been fully paid, undersigned agrees to complete payment of rental, notwithstanding such loss, destruction, injury or damage. Undersigned agrees not to remove the register from present location without your consent in writing.

This lease covers all agreements between the parties and shall not be countermanded.

E. D. CHAPIN.

to be recorded to protect the rights of the vendor therein; and, if a bailment, no record was necessary.

The judgment for plaintiff, entered by the trial court, is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.