YOUNG v. PHILLIPS.

1. SALES—RESERVATION OF TITLE—CONDITIONAL SALE—DEFINITION.

A conditional sale, as that term is used and understood in the affairs of business, is an agreement for the sale of an article of merchandise or other chattel in which the vendee undertakes to pay the price, and possession of the article or chattel is immediately given to the vendee; but the property in—that is, the title to—the same is not to pass to the vendee until the purchase price is fully paid.

2. SAME—REMEDIES—RIGHT TO SUE—PASSING TITLE.

Under such contract, if the vendee fails to make the payments in accordance therewith, the vendor can immediately exercise his right to take the property, or he may sue upon the contract and recover for the unpaid purchase money; but by taking the latter position he makes the sale absolute. *Button* v. *Trader*, 75 Mich. 295.

3. SAME—INTENT—CHATTEL MORTGAGE—RECORDING CONTRACT.

The giving of an instrument, in form purporting to reserve title in the vendor, where the intent of the parties is the giving of security, is in reality the making of an absolute sale with the retention of a lien by way of security, and must be recorded as a chattel mortgage under section 11988, 3 Comp. Laws 1915.

4. SAME—RESERVING TITLE—CONDITIONAL SALE—ACTION TO RECOVER DEBT—INCONSISTENCY—REMEDIES.

If of the two elements, reservation of title and the right to maintain an action to recover the debt, the latter is missing, there is no inconsistency, and such contract is a pure conditional sale, under which the goods may be retaken by the vendor even from third parties, and the vendor may still have an action for breach of contract against his vendee.

5. SAME—RESERVING TITLE—INTENT—CHATTEL MORTGAGE.

But if the instrument purports to reserve title and to give a right of action to recover the debt without passing title, the two being inconsistent according to the test in *Atkinson* v. *Japink*, 186 Mich. 335, it must be concluded that the intent of the parties was to make an absolute sale with the reservation of a lien by way of security.

See notes in 64 L. R. A. 833; 35 L. R. A. (N. S.) 385; L. R. A. 1917D, 942.

Error to Wayne; Davis, J., presiding. Submitted June 4, 1918. (Docket No. 13.) Decided July 18, 1918. Reargued October 24, 1918. Former opinion affirmed December 27, 1918.

Replevin in justice's court by Mathew A. Young against Andrew T. Phillips and another for the possession of an automobile. There was judgment for defendants, and plaintiff appealed to the circuit court. Judgment for defendants. Plaintiff brings error. Affirmed.

*Barbour, Field & Martin* (*Thomas G. Long* and *Stevenson, Carpenter, Butzel & Backus,* of counsel), for appellant.

*Welsh, Bebout & Kahn,* for appellee.

*William Van Dyke, amicus curiæ.*

### ON REHEARING.

KUHN, J. The motion for rehearing was granted in this case because of the claim made that the tests announced in *Atkinson* v. *Japink,* 186 Mich. 335, were wrongly applied to the contract here in question, and that the rule announced in the opinion in this case (202 Mich. 480) was in conflict with previous adjudications of the law of conditional sales by this court. Counsel representing other interests than those immediately involved have been permitted to file briefs as *amici curiæ,* and the various contentions advanced by counsel have been fully argued and ably briefed. In our opinion, however, the presentation of the entire matter calls upon us rather to determine, not whether the present case was correctly decided, but whether or not the tests to be applied as set forth in *Atkinson* v. *Japink* were correctly announced.

The language of the various forms of conditional

sale contracts which are in everyday use by business houses varies, but the underlying idea of, and the objects and purposes to be accomplished by all of these different forms of contracts are stated by counsel in their brief, in the main properly we think, and which we quote, with certain modifications, as follows:

"A conditional sale, as that term is used and understood in the affairs of business, is an agreement for the sale of an article of merchandise or other chattel in which the vendee undertakes to pay the price, and possession of the article or chattel is immediately given to the vendee; but the property in—that is, the title to—the same is not to pass to the vendee until the purchase price is fully paid."

If, under such a pure conditional sale contract, the vendee fails to make the payments in accordance therewith, the vendor can immediately exercise his right to take the property, or he may sue upon the contract and recover judgment for the unpaid purchase money; but by taking the latter position he makes such sale absolute, in accordance with the decision in *Button* v. *Trader*, 75 Mich. 295. We may assume, then, that if the contract simply attempts to do what is set forth in this definition, there can be no question that the instrument is a conditional sale, and, under our recording laws, would not have to be recorded. But, when it becomes evident from the instrument itself that it was the intention of the parties not to create a pure conditional sale contract, but, as was said in *Atkinson* v. *Japink,* that the title to the property was retained in the vendor simply for security, thereupon the instrument loses its characteristics as a pure conditional sale and in reality becomes a "conveyance intended to operate as a mortgage of goods and chattels," and must be recorded according to the terms of the recording statute. 3 Comp. Laws 1915, § 11988. We may have been, perhaps, unfortunate in the use of certain language in

saying that the title is reserved for security only, because, under the present theory of a chattel mortgage, the title to the property remains in the mortgagor and the giving of the instrument does not transfer title. *People* v. *Bristol*, 35 Mich. 33; *Grove* v. *Wise*, 39 Mich. 163; *Brink* v. *Freoff*, 40 Mich. 613; *Cadwell* v. *Pray*, 41 Mich. 307; *Haynes* v. *Leppig*, 40 Mich. 602; *Wilson* v. *Montague*, 57 Mich. 640; *Corbett* v. *Littlefield*, 84 Mich. 35 (11 L. R. A. 95). So that the giving of an instrument, in form purporting to reserve title in the vendor, where the intent of the parties is the giving of security, is in reality the making of an absolute sale with the retention of a lien by way of security. It may be conceded that the state of the law was somewhat confusing before the decision in *Atkinson* v. *Japink, supra,* and it may be difficult to harmonize the various decisions of the court on this question, such as *Fuller* v. *Byrne*, 102 Mich. 461, and *American Harrow Co.* v. *Deyo*, 134 Mich. 639; but with the tests so clearly announced in the *Atkinson Case*, it seems to us that there should be no difficulty encountered in attempting to determine the character of any of this class of instruments by applying the tests therein set forth. We think that decision announced a rule and tests which can be readily applied and was of distinct value because of that fact. If, of the two elements, reservation of title and the right to maintain an action to recover the debt, the latter is missing, there is no inconsistency, and such a contract answers to the application of test 1 by remaining within that test, and the conclusion may be immediately drawn that there was no intention to make an absolute sale with the reservation of lien by way of security. Such a contract becomes a pure conditional sale, under which the goods can be retaken by the vendor even from third parties, and the vendor may still have an action for damages for breach of

contract against his vendee, if he has suffered any such damage. But if the instrument purports to reserve title and to give a right of action to recover the debt without passing title, the two being inconsistent according to the test in *Atkinson* v. *Japink*, it must be concluded that the intent of the parties was to make an absolute sale with the reservation of a lien by way of security.

Being of the opinion that the case was properly decided according to the rules announced in *Atkinson* v. *Japink*, it follows that we cannot arrive at any different result than heretofore announced, and the judgment is therefore affirmed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, C. J., did not sit.