HEYMAN CO. *v*. BUCK.

CHATTEL MORTGAGES—CONDITIONAL SALES—RESERVATION OF TITLE
AS SECURITY.

> Where a sales agreement permits recovery of the sum
> stipulated to be paid for goods, without passing title, it
> is consistent only with an absolute sale with reserva-
> tion of title as a lien to secure payment of the price,
> and is, in effect, a chattel mortgage, which must be
> recorded in order to entitle the seller to maintain replevin
> against a good-faith purchaser of the goods from the
> original purchaser.

Error to Kent; Brown (William B.), J. Submitted
October 20, 1922. (Docket No. 17.) Decided Decem-
ber 5, 1922.

Replevin by the Heyman Company against Ira Buck
for the possession of certain household goods. Judg-
ment for plaintiff. Defendant brings error. Re-
versed.

*G. A. Wolf*, for appellant.

*Don E. Minor*, for appellee.

WIEST, J. One Tom McGarty went to Heyman
Company, retail dealers in household goods at Grand
Rapids, selected goods to the value of $141.55, entered
into an agreement under which he was to have no
title to the goods until they were paid for, paid down
$10, and agreed to pay $8 a month, had the goods
delivered, sold them to defendant, a second-hand dealer,
and disappeared. Defendant admits buying the goods,
claims he acted in good faith, had no notice of plain-
tiff's rights, paid full value and cannot be held liable

As to what amounts to a conditional sale, see note in 17 A. L.
R. 1421.

to plaintiff.  This is an action in replevin, brought against the second-hand dealer, and, the goods not having been found on the writ, plaintiff had judgment for their value.  The case is here on writ of error.

The decisive question narrows down to whether the agreement between McGarty and plaintiff constituted a conditional sale in every particular, and, therefore, not necessary to be recorded, or a sale with retention of title as security.  The agreement follows:

"Sale Agreement Reserving Title P. 66880.

"This agreement, made this 28th day of July, 1921, between the Heyman Company, a corporation, of Grand Rapids, Michigan, as first party, and Tom McGarty, of the same place as second party,

"Witnesseth:

"1. First party agrees to sell to second party, upon the fulfilment of this agreement in every particular, personal property described on the back hereof.

"2. Second party, in consideration thereof, and for the use of said property during the period covered by this agreement, agrees to pay to first party the full purchase price mentioned upon the back hereof, as follows:

"Ten (10) dollars upon the signing of this agreement, and eight (8) dollars each month thereafter, until said purchase price has been fully paid.

"3. It is hereby expressly understood and agreed between the parties hereto, that the title to the property mentioned upon the back hereof, shall be and remain in first party until all sums owing and unpaid upon this agreement have been fully paid.

"4. First party agrees to deliver said property to second party at the address above given, upon the signing of this agreement, and to allow the same to remain in the possession of second party, so long as second party shall keep and perform the covenants and agreements by him to be kept and performed, and second party agrees not to remove said property from the said address without the written consent of first party.

"5. First party agrees that upon the fulfilment of all the covenants and agreements by second party, by

him to be kept and performed, to thereafter transfer and convey the title to said property to second party.

"6. The parties further agree, that if second party shall fail to make any payment at the time herein specified, or in any manner violates any of the terms of this agreement, that then and in such event, this agreement to sell said goods to second party, shall be void at the option of first party, and first party, without notice or demand to or upon second party, may take possession of said property, wherever the same may be. and the amount which at that time has been paid by second party to first party, shall be considered as so much paid for the use and rental of said property.

"7. In case of default in any payments or other conditions in this agreement, by second party, the entire amount then unpaid upon and under this agreement, shall at the option of first party, become due and payable immediately without notice to second party.

"8. It is also agreed, that first party shall have the right at seasonable times, and upon reasonable notice to second party, to enter the premises where said property is kept or stored for the purpose of making reasonable inspection thereof, so long as the title to said property shall remain in first party."

The learned circuit judge held the agreement was an executory one to sell the goods on the precedent condition of payment in the manner therein provided. If paragraph 7 had been left out of the agreement we would agree with the circuit judge, as the agreement up to that point contains nothing inconsistent with continued ownership in plaintiff, with the limited remedy in case of default of assertion of such ownership. But paragraph 7 provides for another remedy by making the whole sum due and payable at the option of plaintiff in case of any default. Unless, upon a consideration of the whole agreement this can be limited to the purpose of making deferred payments all due and payable in case of default in one, if McGarty, after default, wanted to perform, then plaintiff could hold him for the whole debt so declared due and payable and have an action against him for such

debt, and also the security of the goods so far as they would satisfy the demand.  The agreement is susceptible of the latter construction and gives plaintiff a right of action to recover the agreed price for the goods wholly inconsistent with mere retention of title until paid for and the right, in case of default, to apply payments made to the use and rental of the goods.

When a sales agreement permits recovery of the sum stipulated to be paid for goods, without passing title, it is consistent only with an absolute sale with reservation of title as a; lien to secure payment of the price. *Young* v. *Phillips*, 203 Mich. 566; *National Cash Register Co.* v. *Paul*, 213 Mich. 609.  The agreement must be held one for security only.  The agreement not having been recorded as a chattel mortgage, as it should have been, plaintiff cannot maintain this action against defendant who, it is conceded, purchased the goods from the vendee in good faith for a valuable consideration and without notice of plaintiff's rights. *National Cash Register Co.* v. *Paul, supra.*

The judgment is reversed and a new trial granted, with costs to defendant.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.  MOORE, J., did not sit.