THOMAS SPACING MACHINE CO. *v.* SECURITY TRUST CO.

CHATTEL MORTGAGES — CONDITIONAL SALES — CONTRADICTORY PROVISIONS.

A contract for the sale of machinery, retaining title in the seller until the full purchase price was paid, but also containing a contradictory provision that in case of de-

fault by the buyer the whole of the contract price should become due and payable forthwith, was in its nature a chattel mortgage, and, where unrecorded, was void as to creditors of the buyer.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 5, 1923. (Docket No. 38.) Decided June 4, 1923.

Petition by the Thomas Spacing Machine Company against the Security Trust Company, receiver of the Detroit Structural Steel Company, for the return of certain personal property. From a decree for plaintiff defendant appeals. Reversed, and petition dismissed.

*Oxtoby, Robison & Hull,* for plaintiff.

*Butzel, O'Brien, Levin & Winston* (*A. J. Levin,* of counsel), for defendant.

WIEST, C. J. The Security Trust Company is receiver of the Detroit Structural Steel Company. The Thomas Spacing Machine Company, by the petition herein, asked the court to direct the receiver to return to it certain machinery sold by it to the Detroit Structural Steel Company under a claimed conditional sales contract. The original purpose of plaintiff, in asking for such return, was to obtain the machinery, sell it, give credit for payments received, and prove the amount then remaining due on the contract as a liquidated claim against the assets in the hands of the receiver. Plaintiff had before this filed a claim with the receiver, under the contract, for unliquidated damages and therein declared the intention to file this petition.

The receiver denied the right of plaintiff to have the machinery returned, claiming the contract in question was a sale of the machinery, reserving security

in the nature of a chattel mortgage, and such security was void as to creditors of the Detroit Structural Steel Company for failure to record the same as provided by 3 Comp. Laws 1915, § 11985 *et seq.* Other defenses were set up by the receiver but, as the case must be decided upon the one mentioned, we find no occasion to discuss such other questions.

The provisions of the contract bearing on the issue are as follows:

"The title to the above described property is now owned by the said first party and is only to become the property of the said second party on and after full payment therefor by the second party of the consideration or sum of eleven thousand ($11,000) dollars. * * *

"In case of failure to pay all or part of said contract price as above stated, or any attempt to remove said above described personal property in violation of the terms and conditions hereof, the said first party shall be at liberty at that time, and it is hereby authorized to enter into and upon any place or places where said personal property may then be and retake the same and cancel, at its election, this agreement, and to retain all payments made for the use of that time by the second party hereto of the said property, and the expense in retaking the same and all statutory provisions applicable to this contract for the benefit of the second party are hereby waived.

"It is further stipulated and agreed between the parties that title to the above described personal property shall be and remain in the said first party until the whole of the contract price, due and payable hereunder, is fully paid by the said second party, and it is further stipulated and agreed that in event of default by the said second party in the performance of any of the covenants and agreements herein stated to be performed upon its part, that the whole of the above contract price shall become due and payable forthwith."

In the circuit this contract was held to constitute a

conditional sale only, and as the property had been sold by the receiver under agreement and in pursuance of an order preserving rights of all parties, the receiver was ordered to pay plaintiff $4,000, the amount remaining due on the contract. The receiver is here by appeal.

At the time of decision in the circuit our decisions in *Heyman Co.* v. *Buck*, 221 Mich. 225, and *Phillips-Michigan Co.* v. *Field Body Corp.*, 221 Mich. 17, had not been reported, but came to the attention of the trial judge before certifying the case to this court. In the certificate the trial judge states:

"It would appear under the rule established by those cases for differentiating between a conditional sales agreement and an agreement passing title and reserving lien, that the contract under discussion here should have been construed as an agreement passing title and reserving lien, and, from the rule laid down there, if this court still had jurisdiction, it would enter an order accordingly. However, both counsel seem to agree that this court is without jurisdiction, and this case is settled accordingly."

Counsel for plaintiff insist that the decree entered in the court below is right. It is said:

"The *Heyman Case* is the first decision of this court, or of any of the Federal courts of this circuit, which has indicated that an accelerative provision is inconsistent with a pure conditional sales contract."

This is qualified, however, by the admission of such a holding (*In re Goorman*, 283 Fed. 119, district court, eastern district of Michigan). The law does seem to keep abreast of commercial desires. Plaintiff apparently at one time entertained the idea that the accelerative provision in the contract was important and not only bore the "earmark" of an agreement in the nature of a chattel mortgage but carried all the remedies open to one holding such security.

In asking the court to direct the receiver to surrender the machinery the proof of claim filed with the receiver was made a part of its petition by reference, and therein the following purpose was declared:

"By reason of the default in the payment of said notes, said claimant proposes to repossess said machinery, and is about to apply to said court in this matter for an order directing Security Trust Company, as receiver, to deliver possession to claimant of said machinery. Upon the return of said machinery to claimant, it proposes to sell the same for the best price obtainable, crediting the amount received upon the resale thereof upon the balance of said purchase price. Claimant alleges that it will then have the right to prove the deficiency as a liquidated claim against said Detroit Structural Steel Company."

It is now admitted that the proof of claim was probably not a work of art, and it is stated that:

"Whatever was said in the proof of claim as to the character of the evidence by which claimant proposed to prove its damages is surplusage."

If the contract bears the element of security in the nature of a chattel mortgage then the remedy proposed was clearly right. But such remedy did not follow, and could not follow from a pure conditional sale contract, and necessarily the idea of such a remedy must have been based upon the provision making all future payments due upon default in one and the remedy thereby open to the vendor. The question is not whether the vendor could elect, under this contract, to limit remedy thereunder to measures applicable to a pure conditional sale, but whether measures, treating the obligation to pay as a fixed debt, with the machinery pledged as security, and the right to look to the security for partial satisfaction and to the vendee for any deficiency were open to the vendor. Under this contract the vendor had an undoubted

right to declare the whole amount due upon default in any one agreed payment and to seize and sell the machinery as pledged security, to apply the avails upon the debt so due and look to the vendee for the deficiency, if any.    Such right gives the contract every essential attribute of security in the nature of a chattel mortgage.    It seems to be thought that an "accelerative" or hurry-up provision of a contract, if exercised, keeps step with the law of conditional sales.    Possibly—but dependent upon the hurry-up remedy open to the vendor under the contract, and the right of election of means and measures to speed up collection, beyond mere performance by the vendee or repossession by the vendor with damages only for non-performance.

To save recording it must be a pure conditional sale at its inception, remain such as to all remedies thereunder to the very end and leave no option to the vendor to invoke remedies only applicable to security in the nature of a chattel mortgage.    It is not a pure conditional sale if it carries the attributes of security in the nature of a chattel mortgage at the option of the vendor.    Title cannot be retained and passed at the same time, and a contract so drawn as to straddle the question of whether it retains title in the vendor or pledges the same as security by the vendee, leaving the vendor choice of remedies as may best suit him in view of subsequent events, is not a pure conditional sale.    It is admitted that if the contract is one of security in the nature of a chattel mortgage then plaintiff was not entitled to a return of the property, because of failure to record the same, and is but a general creditor of the Detroit Structural Steel Company.

We entertain no disposition to recede from our decision in the *Heyman Case.*    The contract in suit

must be held one for security only.   *Young* v. *Phillips*, 202 Mich. 480, 203 Mich. 566; *Niman* v. *Story & Clark Piano Co.*, 213 Mich. 397; *Heyman Co.* v. *Buck*, *supra;* *Phillips-Michigan Co.* v. *Field Body Corp.*, *supra*, and cases therein cited.

The decree entered in the circuit is reversed and the petition dismissed, with costs to defendant.

Fellows, McDonald, Clark, Bird, Sharpe, Moore, and Steere, JJ., concurred.