PLUMMER *v.* DILLEY.

CHATTEL MORTGAGES—TITLE TO PERSONALTY—CONVERSION.
In an action against a sheriff for the conversion of an engine claimed to have been wrongfully sold by him under an execution, where plaintiff claims under an agreement retaining title in him until payment of the full purchase price, but which, by reason of certain other provisions, was in the nature of a chattel mortgage, the verdict in favor of the plaintiff is reversed, on error.

Error to Eaton; Smith (Clement), J.    Submitted April 19, 1923.    (Docket No. 98.)    Decided June 4, 1923.

Case by Philo G. Plummer against Glenn P. Dilley for the conversion of an engine.    Judgment for plaintiff.    Defendant brings error.    Reversed.

*Clyde Cortright,* for appellant.

*Thomas, Shields & Silsbee,* for appellee.

SHARPE, J.    This case was tried by the court without a jury.    Findings of fact and conclusions of law were filed.    No exceptions were filed thereto.    The only question open to review is whether the findings of fact support the judgment.    *Curry* v. *Shears,* 216 Mich. 699, and cases cited.

The action is brought against the defendant, sheriff of Eaton county, to recover the value of certain personal property, alleged to have been wrongfully sold by him under an execution.    Plaintiff claims title under an agreement providing for the sale by him to Wing and Fulton of what was known as the "Henry Brotherton Engine," and further:

"And the said Wing and Fulton in consideration thereof agree to pay to P. G. Plummer or order the sum of eleven hundred ($1,100.00) dollars as purchase price of same."

A $400 down payment was made and the balance was to be paid in six installments. It then provided:

"The title to the above mentioned goods is to remain in P. G. Plummer, his heirs or assigns, until the full purchase price is paid in full, with interest at 7%. And in default of any of the above mentioned payments when due the full amount of the indebtedness shall become due and payable at once, and the said P. G. Plummer in default of said payments may enter upon any premises without process and recover possession of the above goods, and all payments made thereon by said Wing and Fulton shall be retained by P. G. Plummer as rental for the above said property."

A contract containing similar provisions was considered in *Thomas Spacing Machine Co.* v. *Security Trust Co., ante,* 164. The conclusion there reached is decisive of the question here presented.

The judgment is reversed, with costs to defendant, and a new trial ordered.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.