### NELSON v. VIERGIVER.

1. CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACTS.

     The liability of the buyer to pay for a motor truck, as evidenced by the order, and the notes given for the balance of the unpaid purchase price, providing that the truck shall remain the property of the seller until full payment be made, *held*, consistent with the retention of title in the seller.[1]

2. SALES—CONDITIONAL SALES CONTRACTS—INCONSISTENT RIGHTS— CHATTEL MORTGAGES.

     A conditional sale contract may reserve to the seller two inconsistent rights, giving him the election to sue upon the obligation to pay or to retake possession of the property, but he may not do both.[2]

3. CHATTEL MORTGAGES—RIGHT TO RECOVER JUDGMENT FOR UNPAID BALANCE AND RETAIN POSSESSION CONSTITUTES INSTRUMENT CHATTEL MORTGAGE—RECORDING LAWS.

     Where notes given for the balance of the unpaid purchase

---

[1]Chattel Mortgages, 11 C. J. § 18; [2]Sales, 35 Cyc. p. 696.

price of a motor truck provided that, in case of default, the seller might bring suit thereon and recover judgments and the title and ownership remain in him until said judgments were paid, the effect thereof was to pass title, and the instrument was, therefore, one in the nature of a chattel mortgage, void as against third parties unless recorded.[3]

4. SAME—RECORDING LAWS NOT SUPERSEDED BY STATUTE PROVIDING FOR ISSUANCE OF CERTIFICATES OF TITLE OF MOTOR VEHICLES.

Act No. 46, Pub. Acts 1921, providing for the issuance of certificates of title of motor vehicles by the secretary of State, does not amend or supersede 3 Comp. Laws 1915, § 11988, requiring conveyances intended to operate as mortgages of goods and chattels, to be recorded.[4]

Error to Kent; Brown (William B.), J.     Submitted October 10, 1924.     (Docket No. 74.)     Decided April 3, 1925.

Replevin by Hjalmer C. Nelson against Peter Viergiver, sheriff of Kent county, for the possession of a motor truck.     Judgment for defendant.     Plaintiff brings error.     Affirmed.

*Lovelace & Broek,* for appellant.

*Don E. Minor,* for appellee.

SHARPE, J.     On March 29, 1920, Ralph V. Hubbard gave a written order to plaintiff as agent of the International Harvester Company for a motor truck, the price to be $4,267.50 f. o. b. factory.     It provided for the payment of $100 cash and the giving of certain notes for the balance.     Possession of the truck was turned over to Hubbard.     In August, 1922, the defendant, sheriff of Kent county, levied on the truck to satisfy an execution in his hands obtained in a suit brought by Manna E. Thibout against Hubbard. Plaintiff replevined it.     The issue presented was

[3]Chattel Mortgages, 11 C. J. § 21, 191, 201; [4]Id., 11 C. J. § 204 (1926 Anno).

whether title had passed to Hubbard. The case was tried before the court without a jury. He concluded as matter of law that title had passed and, return having been waived, entered judgment for defendant for its value. Plaintiff insists he was entitled to judgment—

(1) Because title had not passed, and
(2) Because Hubbard, in an application to the secretary of State under Act No. 46, Pub. Acts 1921 (Comp. Laws Supp. 1922, §§ 4832 [12-30]), stated that he held possession under a "conditional sale lien," and such application was notice to Miss Thibout that he was not the owner of the truck.

1. The order given for the truck contained the following provisions:

"In case of failure to make any payment when due, the entire balance of the purchase price and all notes given therefor, shall, at the election of the seller, become at once due and payable.

"It is agreed that title to the property herein ordered shall not pass to the purchaser until the full purchase price, and all notes given therefor, have been paid in cash, but nothing herein shall release the purchaser from payment therefor, and after delivery to the purchaser said property shall be held and used at the risk and expense with respect to loss or damage and taxes and charges of every kind.

"The purchaser further agrees that from the date of delivery and until the entire purchase price is paid in full, he will procure and maintain fire, theft, and collision insurance for the benefit of the seller to the amount of the unpaid purchase price, and deliver the policies to the seller."

By stipulation it was agreed that plaintiff was in fact the vendor of the truck, although the order was given to the company. The notes given were made payable to him. They contained the following provisions:

"The express conditions of the sale and purchase of International Truck & Steel Body Model G, Factory

No. 5916, for which this note is given is such that the title, ownership and right of possession of said property shall remain in the lawful holders of this note until this note and. interest and any judgments thereon are paid in full, and if said note or judgment or any portion thereof shall become due and remain unpaid, I hereby authorize the holders or their agents to enter upon my premises and retake possession of said goods wherever they may be found and payment that shall have been made on this note shall be considered as compensation for the use of said goods ordered.

"The maker of this note also agrees to have said truck insured at such value as may appear on this note.

"This note shall become due and payable at any time upon the contemplated attempt of the maker to remove himself or the above described property from Kent Co."

It is conceded that none of the instruments were recorded. The rights of the parties are dependent upon whether the transaction, as evidenced by the order and notes, constituted a conditional sale contract or transferred the title to Hubbard.

Both the order and the notes provide that the truck shall remain the property of the seller until full payment be made. The liability to pay as evidenced by the writings is consistent with the retention of title. *Federal Commercial & Savings Bank* v. *Machinery Co., ante,* 33; *Bierce* v. *Hutchins,* 205 U. S. 340 (27 Sup. Ct. 524).

A conditional sale contract may reserve to the seller two inconsistent rights. It may give him the election to sue upon the obligation to pay or to retake possession of the property. . . He cannot, however, do both. If he elects to retake the property, and does so, he cannot recover any part of the contract price by suit. On the other hand, if he brings suit to recover the debt due him, he cannot thereafter assert his right to retake possession. He cannot recover a judgment

for the price while the title to the thing sold yet remains in him.    If such contracts were drawn so as to make this right of election clear, as was the provision in *Burroughs Adding Machine Co.* v. *Wieselberg, ante,* 15, there would be no difficulty in determining the nature of the instrument in this respect.    In the contract here under consideration it is provided that suit may be brought and judgments recovered and the title and ownership remain in the seller or his transferer until the judgments are paid.    No right of election is provided for.    The effect of the enforcement of such a provision is to permit such recovery under execution issued upon the judgment as is possible and to retake the property to secure the deficiency.    This may not be done.    *Young* v. *Phillips,* 203 Mich. 566.    The insertion of such a provision carries with it the transfer of the title to the purchaser.

2. Act No. 46, Pub. Acts 1921 (Comp. Laws Supp. 1922, §§ 4832 [12-30]), providing for the issuance of certificates of title of motor vehicles by the secretary of State, does not amend or supersede section 11988, 3 Comp. Laws 1915, which requires conveyances intended to operate as mortgages of goods and chattels to be recorded.

The judgment is affirmed.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.