MARTIN v. MICHIGAN TRUST CO. et al.

In re THOMAS–DAGGETT CO.

Circuit Court of Appeals, Sixth Circuit.
January 9, 1928.

No. 4868.

1. **Bankruptcy** ⟜184(2⅛)—**Chattel mortgages** ⟜6—**Ambiguous contract held to evidence sale with chattel mortgage back, void against buyer's bankruptcy trustee for failure to record.**

Contract under which automatic sprinkler equipment was transferred to buyer prior to its bankruptcy, under its agreement to have equipment insured for benefit of seller as his interest may appear, and giving seller a lien until price was paid, with right to re-enter and remove equipment, if not paid for, and making all remedies given seller cumulative, *held* one of sale reserving chattel mortgage lien, void as against bankruptcy trustee because not recorded, and not a conditional sale, valid under Michigan law without recording.

2. **Chattel mortgages** ⟜6—**Doubts whether unrecorded contract was void, as reserving chattel mortgage, should be resolved against seller, preparing it.**

Any doubts as to whether written contract of sale reserved a mortgage lien, and was therefore void as against buyer's bankruptcy trustee, because not recorded, or whether it was a conditional sale, valid under Michigan law without recording, should be resolved against seller, not merely because he prepared the contract, but because it evidenced a purposeful ambiguity, adopted in the hope of construing it later as a chattel mortgage or a conditional sale, as may best serve seller's purpose.

23 F.(2d)—39

Appeal from the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

In the matter of the bankruptcy of the Thomas-Daggett Company. From an order of the District Court (20 F.[2d] 410), affirming an order of the referee in bankruptcy, which denied the petition of Charles W. Martin to reclaim automatic sprinkler equipment, installed in buildings belonging to bankrupt, opposed by the Michigan Trust Company, as trustee in bankruptcy, and another, claimant appeals. Affirmed.

Laurence W. Smith, of Grand Rapids, Mich. (Fred N. Searl, of Grand Rapids, Mich., on the brief), for appellant.

B. M. Corwin, of Grand Rapids, Mich. (Clapperton & Owen and Corwin, Norcross & Cook, all of Grand Rapids, Mich., on the brief), for appellee Michigan Trust Co.

Edward C. McCobb, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for appellee Grand Rapids Trust Co.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. Appeal from an order of the District Court, affirming an order of the referee in bankruptcy which denied appellant's reclamation petition for an automatic sprinkler equipment installed in bankrupt's buildings. The petition was based upon an alleged reservation of title under a contract of sale by one Clayton, subsequently assigned to appellant. Appellees are the trustee in bankruptcy and the trustee under a mortgage of the realty. They are not litigating their controversies inter sese, but unite to resist the reclamation.

[1] The sole question is whether the contract of sale reserved a mortgage lien, void as against the trustees, because not recorded, or title as on conditional sale, valid, under Michigan law, without recording. The significant terms of the contract are as follows:

The vendor agreed to supply and install sprinkler equipment; payment of the purchase price of $22,700 was to be in five annual installments; bankrupt was to keep the property insured, "loss, if any, payable to Hugh W. Clayton [vendor], or assigns, as his or their interest may appear." The important paragraphs 8 and 10, so far as relevant, and 12 and 13, are appended.

In the light of Burroughs Adding Machine Co. v. Wieselberg, 230 Mich. 15, 203 N. W. 160 (1925), Nelson v. Viergiver, 230 Mich. 38, 203 N. W. 164 (1925), and our own

decision of Vander Lei v. Blakely (C. C. A.) 284 F. 516 (1922), an extended discussion of the Michigan law and of its application to the present facts is unnecessary. The Supreme Court of Michigan in the Wieselberg Case adopted our statement of the local law, in the Vander Lei Case, that, "if there is no agreement or necessary inference that the debt is to remain payable, even though the property may be reclaimed, then the reservation of title contained in the instrument may take full effect, in spite of the giving of a negotiable promissory note for the debt, and even though the instrument may speak of the title reservation as a 'security' for the debt; while, if the contract is that the full debt must be paid even after reclamation, or if the parties have provided for a treatment of the instrument which the law contemplates only with reference to mortgage securities, the inference of intent to pass an absolute title and reserve a lien is unavoidable."

[2] We cannot agree with appellant's contention that paragraph 13 was intended merely to make the rights and remedies cumulative upon each other, but not upon the lien or securities. Indeed, appellant's brief admits that "the right" to declare the full amount due and payable and "the right" to re-enter and remove the property cumulate on each other. Furthermore, doubts, if any, as to the interpretation, should be resolved against the vendor, not merely because he prepared the printed form of contract, but also because the instrument evidences what the Michigan courts have properly characterized as a purposeful ambiguity, adopted in the hope of construing it later as a chattel mortgage or a conditional sale, as may best serve the vendor's purpose.

The cases of Heyman Co. v. Buck, 221 Mich. 225, 190 N. W. 631 (1922), Spacing Mach. Co. v. Security Trust Co., 223 Mich. 164, 193 N. W. 790 (1923), Plummer v. Dilley, 223 Mich. 372, 193 N. W. 792, In re Goorman (D. C.) 283 F. 119 (1922), and In re Harmony Theatre Co. (D. C.) 298 F. 662 (1924), are cited by appellees in support of the contention that, quite apart from the doctrine of the Wieselberg Case as to cumulation of remedies, the contract must be viewed as a chattel mortgage because of the acceleration clause. The language of the court in some of these cases supports this broad contention; in others, the acceleration clause seems to be emphasized only because it appears in conjunction with a clause permitting reclamation and thus seems to afford a cumulation of remedies. Since either interpretation of these cases is equally fatal to the appellant, we need not consider further this acceleration contention.

Finally, the express grant of "a first lien" in paragraph 10, seems well-nigh conclusive that the parties considered title to have passed to the vendee. Appellant's contention, that the phrase has reference only to a mechanic's lien granted the vendor upon the improved realty, fails, in view of the fact that paragraph 12 is specifically directed to a lien upon the realty.

Decree affirmed.

### Appendix to Opinion.

Section 8. That, in case the party of the second part shall * * * become bankrupt or violate any of the conditions of this contract, any and all deferred payments hereunder, whether then evidenced by notes or otherwise, shall, at option of the party of the first part or other holder of such indebtedness, mature and become due and payable, and also that in the exercise of any of the rights on this contract given to the party of the first part in case of default by the party of the second part, the party of the first part shall receive, in addition to the amounts due, his expenses including reasonable attorney's fees.

Section 10. That the sprinkler equipment and everything entering into same, shall be, continue and remain personal property, and shall not become a part of the realty, and that the party of the first part shall have a first lien upon the materials and equipment furnished until all the payments under this contract, whether evidenced by notes or otherwise, have been made, together with the right to enter upon the premises and remove the said materials and equipment at his option for any failure of the party of the second part to comply with any of the terms or conditions hereof, or upon the failure of the party of the second part to pay when due any of the notes evidencing any part of the indebtedness or payments to be made hereunder, the cost of such removal to be paid by the party of the second part, and that no alterations or additions to the sprinkler equipment shall be made during the life of this contract except by mutual agreement between the parties hereto.

Section. 12. That the amounts to be paid by this contract, whether evidenced by notes or otherwise, shall also be, continue and remain a lien upon all of the above described real estate as security for the prompt and punctual payment thereof to the party of the first part until the same are fully paid, and the party of the second part promises and agrees to pay all taxes and assessments levied against the same, and on the acceptance of the equipment as herein provided, the party of the second part agrees to execute and deliver to the party of the first part its promissory notes payable in Chicago with exchange, to be secured by this contract for the respective payments, with interest after due at six per cent. (6%) per annum.

Section 13. That the liens, remedies and securities herein given to the party of the first part are cumulative, and that the exercise or

attempted exercise of any one right or remedy, or the enforcement or the attempted enforcement of any lien or security, shall not waive, bar or release such right or remedy nor any other hereunder, or any other lien or security hereunder, and that all rights, remedies and securities herein provided shall continue and remain in full force and effect until the full payment of all amounts due hereunder, both principal and interest, and whether evidenced by notes or otherwise.