## CONTRACTORS EQUIPMENT CO. *v.* REASNER.

1. TRIAL—GROUNDS FOR DIRECTING VERDICT SHOULD BE STATED.
   Where a verdict is directed, good practice requires that the trial judge state the grounds upon which it is based.

2. CHATTEL MORTGAGES — TITLE-RETAINING SALES CONTRACTS — RIGHT OF SELLER TO REGAIN POSSESSION ON DEFAULT.
   A contract for the sale of certain machinery, in which

[1]Trial, 38 Cyc. p. 1588; [2]Chattel Mortgages, 11 C. J. § 16; Sales, 35 Cyc. p. 682; 17 A. L. R. 1427; 43 A. L. R. 1252; 24 R. C. L. 446; 3 R. C. L. Supp. 1538; 5 R. C. L. Supp. 1285; 7 R. C. L. Supp. 810.

title in the seller was retained until paid for, and providing as the sole remedy in case of default the right to retain all payments made and to regain possession, was a pure conditional sales contract rather than a chattel mortgage, although there was attached to it the affidavit required of a chattel mortgage and a note, which was not required by the contract, was also given for the balance and sent through the bank, but not paid, and, therefore, it was not necessary for the seller to record it as a chattel mortgage in order to protect its rights in said property.

Error to Ogemaw; Smith (Guy E.), J.    Submitted April 12, 1928.    (Docket No. 125.)    Decided June 4, 1928.

Replevin by the Contractors Equipment Company against Louis J. Reasner for the possession of a tractor. Judgment for plaintiff on a directed verdict.    Defendant brings error.    Affirmed.

*B. J. Henderson,* for appellant.

*Kinnane & Leibrand,* for appellee.

FELLOWS, J.    Plaintiff delivered to Bert Guilford a tractor under the following agreement:

"This agreement made this 8th day of October, A. D. 1925, by and between Contractors Equipment Company, Inc., of the city of Detroit, 5163 Martin ave., party of the first part, and Bert Guilford of the city of St. Helen, Michigan, party of the second part. Witnesseth, *first:* That the said party of the first part shall and will sell to said second party, the following described property, to-wit:   One, only (used) 10-ton Holt tractor;  one,  only Port Huron trailer, $2,000, upon and after full payment therefor by said second party, of the sum of $2,000 with interest at the rate of 6 per cent. per annum, in the manner following:

"Fifteen  hundred  dollars  upon the execution and delivery of this agreement.    Five hundred dollars on or  before  the 1st day of March, A. D. 1926, with interest  as  above  mentioned.    *Second:* That said second party shall and will pay for said property said

sum of $2,000 two thousand dollars and interest, at the time and in the manner above mentioned at the National Bank of Commerce in said city of Detroit, Michigan.   *Third:* That the title to said property and right to possession thereto shall be and remain in said first party until said sum of two thousand dollars and interest is paid in full.   *Fourth:* That in case of default in any of the payments of principal or interest when due as above specified, and for ten days, thereafter, the said first party shall thereupon forthwith have the right to declare this contract at an end, and to take immediate possession of said above described property, as well as all payments of principal or interest which shall have been made hereon, shall belong to and be retained by said first party and for use of and injury to said property.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

"B. GUILFORD."

Guilford paid in cash $1,500.   He also gave a note for $500.   Defendant runs a public garage at Rose City.   He furnished gas and oil to Guilford, repaired the tractor, stored it, and did work for Guilford.   No payment to plaintiff other than the down payment was made by Guilford although payment was past due. He did not pay defendant and defendant claimed a lien on the tractor, retained it in his possession, and advertised it for sale to satisfy his lien. Plaintiff, claiming title to it, brought this action of replevin and recovered judgment on a directed verdict.   The grounds upon which the verdict was directed were not stated by the trial judge, although good practice requires this to be done; the briefs therefore discuss all the questions which were raised on the trial.   As we have reached the conclusion that the agreement before us constituted a pure conditional sales agreement, we will not discuss the other questions.

The varieties of agreements used in the sale of per-

sonal property on time, the difference in the language employed, the divergence of provisions, have led to much discussion before and by this court in determining whether the instrument before the court on the different occasions was a conditional sales agreement or a chattel mortgage. Doubtless much of this litigation has been due to a desire on the part of the draftsmen of such agreements to make them as favorable to their clients, the vendors, as possible, and in many instances they have been framed with the view of making them susceptible of different constructions as different situations might arise, as expressed by Mr. Justice STONE in *National Cash Register Co.* v. *Paul,* 213 Mich. 609 (17 A. L. R. 1416), using an old expression, "to ride with the hunter and run with the hounds." Among the later cases in which the question has been before us, attention may be called to *Atkinson* v. *Japink,* 186 Mich. 335; *Luce* v. *Stott Realty Co.,* 201 Mich. 587; *Young* v. *Phillips,* 202 Mich. 480, (on rehearing) 203 Mich. 566; *Niman* v. *Story & Clark Piano Co.,* 213 Mich. 397; *National Cash Register Co.* v. *Paul, supra; Phillips-Michigan Co.* v. *Field Body Corporation,* 221 Mich. 17; *Heyman Co.* v. *Buck,* 221 Mich. 225; *Thomas Spacing Machine Co.* v. *Trust Co.,* 223 Mich. 165; *Plummer* v. *Dilley,* 223 Mich. 372. No doubt skilful draftsmen have been able to make very close cases on this subject. It is likewise true that some of the profession have not at all times acquiesced in and approved all the decisions. After *Young* v. *Phillips, supra,* went down it was urged that we had misapplied the earlier cases and especially *Atkinson* v. *Japink, supra,* and we granted a rehearing, upon which we reached this same result and adhered to our former opinion. In due course of time we had four cases involving the question before us. It was urged that some judges and some lawyers did not understand our decisions on the subject, and it was suggested that

we should go over the ground at length.   The four cases went down the same day:   *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15; *Grinnell Bros.* v. *Moy,* 230 Mich. 26; *Federal Commercial & Savings Bank* v. *Machinery Co.,* 230 Mich.. 33 (43. A. L. R. 1245) ; and *Nelson* v. *Viergiver,* 230 Mich. 38.   In the *Grinnell Bros. Case,* it was not necessary to decide the question, but in the other cases the subject and the authorities were reviewed at length.

In view of the full discussion in the cases noted, it will not be necessary to quote from or again discuss the cases.   We are satisfied that, under all the authorities, the contract before us is a pure conditional sales contract.   It is true that there was attached to it the affidavit required on a chattel mortgage, and defendant's counsel relies on *National Cash Register Co.* v. *Paul, supra.*   That case was a close one, and the contract of doubtful construction, one we were called upon to construe.   The affidavit was noted by Justice STONE as one of the "earmarks" of a chattel mortgage, but the case does not go beyond that.   It is also pointed out that a note was given.   The contract did not require the giving of a note, but one was given.   It was apparently sent through the bank for collection but had not been paid.   In *Federal Commercial & Savings Bank* v. *Machinery Co., supra,* it was said by Mr. Justice CLARK, who wrote for the court:

"That the agreement required the buyer to give negotiable promissory notes, or negotiable trade acceptances, for the deferred installments of the purchase price, or that they or either of them were in fact given, is not inconsistent with the retention of title in the seller pending payment, and does not of itself characterize the instrument as one for security in the nature of a chattel mortgage."

In addition to the cases there cited on this question, see *Atkinson* v. *Japink, supra; Boudeman* v. *Arnold,*

242—Mich.—38.

200 Mich. 162 (8 A. L. R. 789).    The contract before us is singularly free from ambiguity requiring construction.    It is notably free from expressions which taint it as given for security.    It lacks the giving of options and the election of different remedies.    In fact, considering its terms alone, plaintiff had the right to do but one thing in case of default, *i. e.*, recapture its own property.    It is a pure conditional sales agreement, and it was not necessary for plaintiff to file it in order to protect or retain its rights in the property.

The judgment will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.