COOPER et al. v. MICHIGAN ARTIFICIAL ICE PRODUCTS CO.*

No. 2301.

District Court, D. Michigan, S. D.

Nov. 22, 1930.

Glenn D. Mathews, of Ionia, Mich., for plaintiffs.

Hugh E. Wilson, of Ionia, Mich., for defendant.

George E. Nichols, of Ionia, Mich., for receivers.

RAYMOND, District Judge.

This matter is before the court upon exceptions to the special report of the master in chancery upon the petition of Westerlin & Campbell Company. On February 15, 1930, claimants filed in this court a petition asking determination of the amount due upon certain contracts for the installation of machinery and equipment at the various plants

*Affirmed 61 F.(2d) 1046.

of defendant. It was stated therein that "upon a determination of the amount so due, *your petitioner should be decreed to have a first and paramount lien in and to the said machinery and equipment so furnished and installed by your petitioner* at the said four respective plants paramount to the rights, interests, liens and claims of any and all other persons whatsoever." Among the prayers of the petition was one that if a sale of the several plants be decreed by the court, "the rights and claims in and to and liens upon, if any, of your petitioner in and to the said machinery and equipment so furnished and installed in said four plants *should be held and decreed to attach to the proceeds of any such sale as a first and prior lien thereon.*" Another prayer was that if this court determines that a sale should not be had "that your petitioner may reclaim all of said machinery and equipment so furnished and installed by it in order that your petitioner's claims in and thereto may be satisfied, or as an alternative, *that your petitioner be given leave to file a bill of foreclosure* in this court, or in any other appropriate court or jurisdiction, praying *that your petitioner's lien in and to said machinery and equipment* so furnished and installed by it *be foreclosed and that the said machinery and equipment be sold to satisfy your petitioner's said claims.*"

Upon answer being filed to said petition an order of reference was made to the master in chancery whereby he was directed "to take testimony on the claim or claims of said Westerlin & Campbell Company, as set forth in its said petition and to hear and determine all matters, facts and issues arising under said petition and answer * * *," and also "to determine all questions arising as to (a) the amount due said petitioner from said Michigan Artificial Ice Products Company under any and all contracts between petitioner and said defendant, if any; (b) the validity and extent of any lien or security, either by reservation of title under any contract or contracts of conditional sale or otherwise claimed by said petitioner, and the sum or sums secured by such lien or security under any such contract or contracts, if any."

On July 18, 1930, the master in chancery filed a special report upon said reference, which in substance denied the petition for allowance as a secured claim and allowed petitioner's debt as an ordinary claim. On the twenty-first day after the filing of said report exceptions were filed thereto.

The questions presented to this court for

determination by the briefs of counsel are: First, whether under Equity Rule 66 (28 US CA § 723) the report of the master is open to review by this court; and, second, whether the master was right in his conclusion that the contracts upon which petitioner relies are in legal effect chattel mortgages and therefore void as against the receivers for want of proper record.

For petitioners it is argued [chiefly upon the authority of National Folding-Box & Paper Company v. Dayton Paper-Novelty Co. (C. C.) 91 F. 822; Burke v. Davis (C. C. A.) 81 F. 907; Fleming v. Noble et al. (C. C. A.) 250 F. 733; Celluloid Mfg. Co. v. Cellonite Mfg. Co. (C. C.) 40 F. 476, and Smith v. Seibel et al. (D. C.) 258 F. 454], that it is unnecessary to file exceptions in order to review conclusions of law of the master in chancery in cases where the facts· are correctly stated by him. It is urged that, in any event, the court should permit a tardy filing of exceptions in the circumstances here existing. Consideration of the cases cited and others leaves doubt as to the precise interpretation to be placed upon the rule. It is difficult to believe that the Supreme Court in promulgating the rule would have used the broad language, "the report shall stand confirmed," if it had intended to limit the matter confirmed to fact findings. It seems reasonably clear that generally and as to all matters within the scope of the order of reference it was intended the findings of the master should stand confirmed under Equity Rule 66 at the end of twenty days. See General Fire Extinguisher Co. et al. v. Equitable Trust Co. of New York et al. (C. C. A.) 17 F.(2d) 968; American Surety Co. of New York v. James A. Dick Co. et al. (C. C. A.) 23 F.(2d) 464; Decker v. Smith (D. C.) 225 F. 776). Whether or not the court may, after the lapse of twenty days and during the same term of court, upon showing of obvious error in conclusions of law, reopen the report for further hearing, is open to question. It is the opinion of the court that no such obvious error is here present. However, the view taken by the court upon the second question renders unnecessary the decision of that question.

The second question is the familiar one of whether the contract under which the equipment and machinery in this case was sold should be construed as one of conditional sale or one whereby the seller reserved title by way of security merely to enable him to collect the purchase price. This question (so far as Michigan contracts are concerned) has been recognized by our Circuit Court of Appeals and other federal courts as one not of general law, but- one to be determined in accordance with the construction placed upon such contracts by the Michigan Supreme Court. See In re Ames (C. C. A.) 289 F. 208; In re Goorman (D. C.) 283 F. 119. The principles laid down by that court have been frequently discussed, and it is doubtful whether further analysis thereof will tend to assist in the somewhat difficult application of these principles to contracts of an ambiguous nature. It is perhaps worthy of note that with few exceptions all of the states, either by the adoption of the Uniform Conditional Sales Act, or by other legislation, now require the filing or recording of conditional sale contracts. In Michigan it is still possible to preserve valid secret liens upon property not intended for resale by use of what is known as the pure conditional sale contract. The iniquities incident thereto have been frequently discussed and are well known to the business world and the courts. It is said by the Sixth Circuit Court of Appeals that: "Furthermore, doubts, if any, as to the interpretation, should be resolved against the vendor, not merely because he prepared the printed form of contract, but also because the instrument evidences what the Michigan courts have properly characterized as a purposeful ambiguity, adopted in the hope of construing it later as a chattel mortgage or a conditional sale, as may best serve the vendor's purpose." Martin v. Michigan Trust Co. et al., 23· F.(2d) 609, 610. The contract here in question contains the following provisions:

"And in case you shall fail to make any of the said payments upon the due dates thereof, then we may, at our election, call the whole purchase price, or any part thereof, remaining unpaid, immediately due and payable. In case of any suit either at law or equity to enforce the payment of the above mentioned purchase price, or any part thereof, or any of our rights thereunder, a reasonable attorney's fee shall be allowed as part of the cost therein, the same to be taxed and fixed by the court as such.

"Title of all machinery and equipment furnished under this proposal is not to pass to you, but is to remain vested in us until the purchase price is fully paid to us in cash and you are in the meantime to keep such machinery and equipment fully insured for the protection of our interest."

The rule to be deduced from the authorities is that if the contract, by its express

terms, or by necessary inference from the contract itself or surrounding circumstances, reserves, in event of default, both the remedy of retaking and the right to bring action for the contract price, it will be construed as a contract for security, unless it is apparent either from the contract or surrounding circumstances that these remedies are alternative and not cumulative. In the following cases the contract itself disclosed that the remedies reserved were cumulative: Martin v. Michigan Trust Co. (C. C. A.) 23 F. (2d) 609; Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079; Young v. Phillips, 202 Mich. 480, 168 N. W. 549; Id., 203 Mich. 566, 169 N. W. 822; Peter Schuttler Co. v. Gunther, 222 Mich. 430, 192 N. W. 661; Thomas Spacing Machine Co. v. Trust Co., 223 Mich. 164, 193 N. W. 790; Plummer v. Dilley, 223 Mich. 372, 193 N. W. 792; Phillips-Michigan Co. v. Field Body Corporation, 221 Mich. 17, 190 N. W. 682; Nelson v. Viergiver, 230 Mich. 38, 203 N. W. 164.

It was apparent from the contract in the following cases that the remedies were alternative: In re Ames (C. C. A.) 289 F. 208; Burroughs Adding Machine v. Wieselberg, 230 Mich. 15, 203 N. W. 160.

In the following cases the contract clearly indicated that the only remedy reserved was the right of reclamation: Contractors' Equipment Co. v. Reasner, 242 Mich. 589, 219 N. W. 713; In re Parkstone Apt. Co., 243 Mich. 401, 220 N. W. 780.

Applying to the instant case the principle set forth in Burroughs Adding Machine v. Wieselberg, 230 Mich. 15, 203 N. W. 160, 162, that "it is fair to assume that the seller intends to employ every available remedy open under law, and it is equally fair to adjudicate with such in mind, in determining the nature of the sales instrument," it is evident that the vendor reserved both the remedy of reclamation and the right to sue for the contract price. It is true that neither remedy is clearly provided for, but both are necessarily implied from the rights expressly reserved. See Heyman Co. v. Buck, 221 Mich. 225, 190 N. W. 631; Nelson v. Viergiver, 230 Mich. 38, 203 N. W. 164.

It is the view of the court that the contracts here in question must be construed as creating a lien by chattel mortgage upon the property. The above-quoted italicized portions of the petition strongly indicate that petitioner has so understood these agreements. It follows that an order should be entered confirming the special report of the master.