In re CENTRAL STATES FREIGHT CORPORATION.

No. 9205.

District Court, E. D. Michigan, S. D.

Jan. 15, 1931.

Shields, Silsbee, Ballard & Jennings, of Lansing, Mich., for petitioner.

Paul R. Dailey, of Detroit, Mich., for trustee in bankruptcy.

546

SIMONS, District Judge.

This is a petition to review an order of one of the referees in bankruptcy denying a reclamation petition filed by the Duplex Truck Company, a Michigan corporation, in this bankruptcy cause, to recover from the trustee in bankruptcy possession of certain motortrucks delivered by the petitioner, as vendor, to the bankrupt, as vendee, prior to the filing of the bankruptcy petition herein, pursuant to a series of written contracts hereinafter mentioned. These contracts were identical in form except that each related to a different truck, and the same facts and considerations apply equally to them all.

The petitioner claims that each of these contracts is one of pure conditional sale, and that it still owns, and is entitled to reclaim, said trucks, while the trustee in bankruptcy contends that each of such contracts was one of absolute sale with reservation of title in the vendor merely as security for payment of the purchase price, and therefore, in effect, a chattel mortgage, which was required, by a Michigan statute applicable to chattel mortgages, to be filed for public record, and, not having .been so filed, is void as against the creditors of such vendor. The referee sustained this contention of the trustee and denied the reclamation petition, which ruling the petitioner now seeks to review in this court.

The facts are few, simple, and undisputed. On February 24, 1928, the petitioner and the bankrupt executed, in Michigan and for performance in Michigan, the contracts in question. Pursuant thereto the petitioner delivered the motortrucks, and the bankrupt executed and delivered the notes therein provided for. It does not appear, and is not claimed, that any of the trucks were so delivered for resale by the bankrupt. Neither of the parties filed any of the contracts for record in any public office. No fraud or bad faith towards creditors nor basis for estoppel as against creditors is shown or claimed.

The statute invoked by the trustee is section 11988 of the Michigan Compiled Laws of 1915, which, as amended by Act 66 of the Michigan Public Acts of 1925, provides that: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subse-

quent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed" as therein specified. There is no Michigan statute requiring the filing of a contract of conditional sale not made for the purpose of resale.

The sole question presented is whether the contract here involved, properly construed, evidences a pure conditional sale, and was therefore not required to be filed for record, as is claimed by the petitioner, or whether such contract is to be construed as one of absolute sale with reservation of title as security in the nature of a chattel mortgage from the vendee to the vendor, and therefore subject to the provisions of this statute, as is urged by the trustee.

The language of each of these contracts, exclusive of the description of the particular truck and notes covered thereby, was, in full, as follows:

"This agreement, made this twenty-fourth day of February, 1928, between the Duplex Truck Company of Lansing, Michigan, hereafter called the vendor, and the Central States Freight Corporation of Detroit, Michigan, hereafter called the vendee, witnesseth:

"That the vendor agrees to sell and deliver to the vendee for the sum of five thousand nine hundred twenty-five and no/100 ($5925.00) dollars, and upon the conditions hereinafter set forth, one special Duplex Truck, * * * and the vendee does agree to buy and pay for said property to the vendor, said sum as follows: to-wit, the sum of one and no/100 ($1.00) dollars upon the execution thereof the receipt of which is hereby acknowledged, and the balance of five thousand nine hundred twenty-four and no/100 ($5,924.00) dollars, as evidenced by eighteen promissory notes, bearing even date herewith. * * *

"It is further agreed that the title to said property shall remain in said vendor until the whole purchase price thereof shall be fully paid, but when said purchase price has been fully paid shall vest in the vendee.

"It is further agreed that in the event of failure by the vendee to pay said purchase price or any part thereof as above provided, or in case the vendee removed the property from the state of Michigan without the written consent of the vendor, the whole of said sum shall immediately become due and the vendor may take possession of said property with or without legal process and without any obligation to return to the vendee any portion of the purchase price thereon, it be-

ing expressly understood and agreed that all installments previously paid shall stand as compensation for the use of said property by the vendee and for the depreciation thereof.

"The said vendee agrees that the risk of the loss of said property or injury thereto by fire, theft, collision or in any other form or manner, shall be upon him and that he will maintain insurance against the destruction of said property by fire, collision or in any other manner, or the loss of same by theft, which insurance shall be payable to the vendor to be credited upon the purchase price remaining unpaid thereon.

"No verbal contract or agreement to any of the terms herein contained has been made:

"In witness whereof, the said vendor and vendee have hereunto set their hand and seal this twenty-fourth day of February, 1928."

Whether this contract is one of pure conditional sale or of absolute sale with retention of title operating as a chattel mortgage depends upon the intention of the parties thereto as expressed therein; and, as it is a Michigan contract, it will, under familiar law, be construed and given effect by this court in accordance with the applicable Michigan law. As to the correct interpretation and application of that law, there has been in the past considerable doubt and difficulty. These, however, were apparently removed by the decision of the Michigan Supreme Court in the case of Burroughs Adding Machine Co. v. Wieselberg, 230 Mich. 15, 203 N. W. 160, 162, in which the subject was fully discussed and the true test to be applied in such a case was stated by the court in the following language:

"If an instrument presents a case of security in the nature of a chattel mortgage, then it is to be held, when rights of third parties intervene, to come within the law relating to the recording of such an instrument. The question turns upon whether an instrument, with rights and remedies thereunder, express or implied or by operation of law, provides security for the unconditional payment of an obligation assumed with reference to chattels. * * * If the seller is not limited to right to retake the property and retain the payments made, but after reclamation may enforce payment of the remainder of the full agreed price, and the instrument is so worded as to permit this to be done, then the courts will recognize the instrument for what it is in fact and law, security in the nature of a chattel mortgage. If the title is retained as security for the payment of the full price, and the obligation to

further pay is not abated by a retaking of the property and retention of partial payments, then it is not a pure conditional sale, but an undertaking in the nature of a chattel mortgage. Instruments giving the seller the rights and remedies of a mortgagee against the buyer and chattels the subject of sale, if rights of third persons do not intervene, but so colored as to be employed in support of a claim of conditional sale only, when rights of third persons do intervene, are ab initio instruments in the nature of a chattel mortgage. If sellers will state in the instruments the limitation of rights and remedies, there will be no difficulty in making classification. It is fair to assume that the seller intends to employ every available remedy open under law, and it is equally fair to adjudicate with such in mind. If the condition relative to title is precedent, and remains so regardless of subsequent events, except right to pass title by suit for the agreed purchase price, it is consonant with a conditional sale. But if the condition relative to title is subsequent, to be ruled by events, and remedies are open to enforce payment of the purchase price with the chattel a security, then it is not a conditional sale, but is security in the nature of a chattel mortgage. * * * Absolute liability for the full purchase price may be stipulated and enforced, but title may not be retained, possession reclaimed, and the full purchase price unpaid also be exacted, without having the instrument fall within security in the nature of a chattel mortgage."

If, therefore, the provisions of a title retaining contract of sale are such that, in the event of default therein by the vendee, the vendor may elect to recover possession, and if it is agreed that such election shall terminate his right to recover the purchase price, so that he may pursue either one, but not both, of those remedies, such contract evidences a pure conditional sale; but, if the language of the contract is such that on default by the vendee therein the vendor has the right, either expressly or impliedly conferred by the contract, to sue for the purchase price, and also, without abandoning that right, to reclaim possession under the retained title, such contract creates an absolute sale with the retention of title taking effect as a chattel mortgage from the vendee. Heyman Co. v. Buck, 221 Mich. 225, 190 N. W. 631; Thomas Spacing Machine Co. v. Security Trust Co., 223 Mich. 164, 193 N. W. 790; Plummer v. Dilley, 223 Mich. 372, 193 N. W. 792; Burroughs Adding Machine Co. v. Wieselberg, 230 Mich. 15, 203 N. W. 160; Nelson v. Viergiver, 230 Mich. 38, 203 N. W.

164; First State Savings Bank v. Russell, 244 Mich. 298, 221 N. W. 142; In re Goorman (D. C.) 283 F. 119; Martin v. Michigan Trust Co., 23 F.(2d) 609 (C. C. A. 6).

▪ ·Applying this test to the contract now under consideration, it will be noted that, according to its terms, "in the event of failure by the vendee to pay said purchase price or any part thereof as above provided * * * the whole of said sum shall immediately become due and the vendor may take possession of said property," etc. Obviously, when the entire purchase price thus became "due," the vendor had the legal right, in the absence, as here, of any provision to the contrary, to sue for the recovery of such purchase price. This was one of the remedies open to it under the law, and, in the language of the Michigan Supreme Court in Burroughs' Adding Machine Co. v. Wieselberg, supra, "It is fair to assume that the seller intends to employ every available remedy open under law, and it is equally fair to adjudicate with such in mind." This remedy remained open to the vendor, under the provisions of this contract, even after reclamation from the vendee; the obligation of the vendee not being abated by such reclamation. Again applying the language of the decision just cited, it is clear that under this contract "the seller is not limited to the right to retake the property," but "after reclamation may enforce payment of the remainder of the full agreed price." It is apparent that the obligation of the vendee to pay the purchase price here is "not abated by a retaking of the property." This contract, therefore, must be construed as evidencing an absolute sale with retention of title in the vendor as security in the nature of a chattel mortgage, by the vendee. The contract not having been filed for record as required by the Michigan statute mentioned, it is void as against the creditors of the bankrupt.

The order of the referee complained of was correct, and is affirmed.