**CENTRAL ACCEPTANCE CORPORATION v. LYNCH.**

**No. 5937.**

Circuit Court of Appeals, Sixth Circuit.

May 6, 1932.

---

Ian B. Hart, of Canton, Ohio (Hart, Drukenbrod & McHenry, of Canton, Ohio, on the brief), for appellant.

Clarence A. Fisher and George N. Graham, both of Canton, Ohio, for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Unrecorded or unfiled trust receipts of the present day, if title to the goods had in fact previously vested in the recipient of the receipt, are invalid as against creditors of a bankrupt only if they operate as preferences under the Bankruptcy Act (section 60 [11 USCA § 96]), or contravene the provisions of state recording or filing statutes as construed by the highest court of the state in question. It is not urged that the question of invalidity is to be decided as a matter of public policy, although, doubtless, the enactment of statutes requiring the record or filing of chattel mortgages, conditional sales contracts, and the like, was dictated by views of public policy antagonistic to the creation of secret liens of all kinds.

In the present case we are dealing with the validity of commercial trust receipts under the Ohio recording statutes. Ohio General Code, §§ 8560, 8561 and 8568. Under

these statutes it is now the settled law of Ohio that if the title conveyed to the holder of the trust receipt is only for security for the payment of a debt, the trust receipt must be characterized either as a chattel mortgage, as in Thorne v. First National Bank, 37 Ohio St. 254, or as a conditional sale, as in Re Bettman-Johnson Co., 250 F. 657 (C. C. A. 6). Compare, also, Martin v. Michigan Trust Co., 23 F.(2d) 609 (C. C. A. 6); Hyman v. Semmes, Trustee, 26 F.(2d) 10 (C. C. A. 6). In either event the receipt must be filed with the county recorder in order to prevail against the trustee in bankruptcy. Dale v. Pattison, 234 U. S. 399, 34 S. Ct. 785, 58 L. Ed. 1370, 52 L. R. A. (N. S.) 754, having to do with a pledge of warehouse receipts, does not hold otherwise.

We do not consider it necessary to discuss the numerous decisions construing the laws of other states as to the necessity of recording or filing trust receipts, the provisions of the statutes of such states, or the validity as against creditors, in the absence of filing and under the laws of Ohio, of a consignment of merchandise, or of a true bailment. The local law of each state must govern transactions within such state. See Hamilton National Bank v. McCallum, Trustee (C. C. A., Tenn.) 58 F.(2d) 912, and Commercial Investment Trust Corp. v. Wilson, Trustee (C. C. A. Ky.) 58 F.(2d) 910, this day decided. It suffices that the trustee in bankruptcy must here prevail unless the present case falls within the exceptions created by the amendment of General Code § 8568, effective July 11, 1925 (111 Ohio Laws, p. 116).

The amendment just referred to excepts trust receipts given for merchandise imported from without the United States and/or for "a readily marketable staple," describing such readily marketable staple as "an article of commerce, agriculture, or industry, of such uses as to make it the subject of constant dealings in ready markets with such frequent quotations of price as to make the price easily and definitely ascertainable and the staple itself easy to realize upon by sale at any time." We cannot regard automobiles, new or used, as "readily marketable staples" inasmuch as there are no constant dealings, ready markets or frequent quotations of price, within the intent of the statute, and such automobiles, are not "easy to realize upon by sale at any time." In re Fenne, 10 A. B. R. (N. S.) 206. Furthermore, the exception only of such trust receipts given for general merchandise in respect of importations from without the United States evi-

dences an intent on the part of the Legislature to limit the exceptions rather strictly to those clearly within the two designated classes—not to remove the barrier as to all trust receipts in common use. And the wisdom of removing all the present restrictions is clearly for decision of the Legislature alone.

Affirmed.