## LAWYERS COOPERATIVE PUBLISHING CO v ROSE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16678. Decided June 27, 1938

656

B. C. Shepherd, Cleveland, for plaintiff-appellant.

Harry H. Barnett, Cleveland, for defendant-appellee.

## OPINION

**By LEVINE, PJ.**

This case comes into this court by the route of an appeal on law.

An action was filed in the Municipal Court of the City of Cleveland for the foreclosure of a lien arising by virtue of a Conditional Sales Contract relating to the purchase of volumes published and to be published by The Lawyers Cooperative Publishing Company. The original contracting parties as appears from the contract were the Lawyers Cooperative Publishing Company and Harry J. Epstein, now deceased, The contract was entered into on May 16, 1930. Under its terms Epstein obligated himself to pay $12.50 for each volume, to be paid in installments of $22.50 each quarter, plus interest at six per cent on overdue installments.

The Lawyers Cooperative Publishing Company obligated itself to deliver the volumes as published until the complete set is published. The contract also provided for current annual cumulative service keeping text down to date at certain specified additional charges.

We shall call particular attention to three clauses in said contract, as follows:

"1. Right of transfer (including guarantee) to any attorney of satisfactory credit standing, provided books delivered are fully paid for.

"2. In case of default in any payment for 30 days, price of all books delivered may, at the option of the vendor, be declared due and payable.

"3. All books to belong to the vendor until entire purchase price is paid."

It appears that on September 17, 1932, the Lawyers Cooperative Publishing Company, through its agent, filed the statutory affidavit provided for Conditional Sales Contracts (§8568, GC).

On August 14, 1937, shortly after the decease of Harry J. Epstein, there was due and unpaid to the Lawyers Cooperative Publishing Company the sum of $135.00. Accordingly this action in foreclosure was commenced.

At the trial it developed that Harry J.

Epstein by arrangement between himself and one Harry H. Rose had transferred possession of said volumes to Harry H. Rose. We shall assume, for the purpose of this case, that there was a valuable consideration to support this transfer.

It is claimed in opposition to the petition for foreclosure that since Harry H. Rose was not the original purchaser under the contract, and since he paid a valuable consideration for the transfer of the books now in his possession, without notice of the arrangement between Harry J. Epstein and the Lawyers Coopeartive Publishing Company, that he is not subject to the provisions of the Conditional Sales Contract. With this contention we do not agree.

It is our opinion that when the Conditional Sales Contract, plus affidavit, were filed in the office of the recorder of Cuyahoga County, that it legally operated as notice to the world, including Harry H. Rose. The fact that he did not have actual knowledge of said contract, between the company and Harry J. Epstein, makes no difference whatsoever. He is charged with constructive notice as a matter of law. When these books were transferred to him by Harry J. Epstein he merely stepped into the shoes of Harry J. Epstein and whatever remedies by way of foreclosure the Lawyers Cooperative Publishing Company had against the original purchaser, Epstein, it may enforce against all subsequent purchasers.

It does not appear as to what date the transfer from Harry J. Epstein to Harry H. Rose took place, but there is sufficient evidence in the record to show that Harry H. Rose acquired the possession of these books shortly before Harry J. Epstein died. At that time there was due to the Lawyers Cooperative Publishing Company from Harry J. Epstein certain unpaid installments. Under the provisions of the contract between Harry J. Epstein and the Lawyers Cooperative Publishing Company it clearly appears that the right of transfer on the part of Harry J. Epstein was limited. First, that it be transferred to any attorney of satisfactory credit standing, and second, provided the books delivered are fully paid for. When Mr. Epstein exercised this right he complied with one condition, namely, that he transferred to an attorney of satisfactory credit standing. He did not, however, comply with the second condition, namely that the books delivered are fully paid for.

The contract provided that all books belong to the vendor until the entire purchase price is paid. It is therefore extremely doubtful whether Mr. Epstein had the right of transfer as the purchase price had not been paid.

Waving aside these aditional claims arising from non-payment we shall, for the sake of argument, assume that Mr. Epstein had the right of transfer. The law, however, will read into the exercise of this right the requirement that whoever purchases or acquires possession of these books cannot escape the responsibility of the original purchaser insofar as the enforcement of the Conditional Sales lien is concerned.

It follows, therefore, that Harry H. Rose, charged by law with notice of the Conditional Sales Contract, is subject to the provisions of the contract to the same extent and as if this action for foreclosure were brought against the original purchaser, Epstein.

(2) Much argument was expended on the question as to how payments made after the filing of the Conditional Sales Contract of record, shall be applied.

It is claimed by the defendant the Conditional Sales Contract affords the publishing Company a lien only as to such payments that are due and unpaid at the time of the filing of the contract. We cannot agree with this contention.

This is an entire contract wherein the respective obligations of each party are set forth. In brief, the company undertakes to deliver volumes as published until the complete set is published. The purchaser obligates himself to receive these volumes and to pay for them in accordance with the mode of payment provided for in the contract.

If the original purchaser failed to accept these books as published, and to pay therefor, the publishing company would have a right to deliver the volumes and to enforce full payment in accordance with the terms of the contract.

The Conditional Sales Contract which is intended in the nature of a security to the publishing company, merely gives the company an additional right. It has, no doubt, the full right to charge for the entire set of books when delivered.

When we speak of the balance due, under the contract, we have in mind the entire contract and the entire amount which will be due when the complete set is delivered.

If the publishing company sought to as-

sert its right against the original purchaser, Epstein, it would not necessarily have to resort to foreclosure of the Conditional Sales Contract. The publishing company could proceed upon the theory that there was an obligation on the part of Harry J. Epstein to accept and pay for the entire set when complete.

True, such right could not have been asserted against Harry H. Rose because he was not the original purchaser or the original contracting party, but insofar as the rights arising in favor of the publishing company from the Conditional Sales Contract on file is concerned, we are of the opinion that it makes no difference what payments Epstein made subsequent to the filing of the Conditional Sales Contract. This lien subsists until the entire contract is completed on both sides.

We have endeavored to cover the issues presented upon the pleadings and the evidence and confined ourselves strictly to such issues.

The judgment of the Municipal Court is ordered reversed and final judgment entered for the plaintiff, appellant, the Lawyers Cooperative Publishing Company.

Exceptions may be noted.

TERRELL and LIEGHLEY, JJ, concur.