In the Matter of The CHARLES M. IN-
GERSOLL COMPANY, Bankrupt.

Ralph H. COLEMAN, Trustee,
Appellant,

v.

JOHN DEERE PLOW COMPANY OF
COLUMBUS, Appellee.

No. 12282.

United States Court of Appeals
Sixth Circuit.

April 26, 1955.

Wells & Marks, Cleveland, Ohio, Carson & Roderick, Akron, Ohio, for appellant.

Gardner & Spilka, Cleveland, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that the conditional sales contracts involved reserved title in the seller until payment was made for "every article" of goods to be delivered;

And it appearing that sales might be made by the dealer in the ordinary course of retail business "provided that at the time of sale the Dealer obtains full

settlement from the purchaser, and provided that property taken in trade as part payment of the retail price of such goods, together with other proceeds of sale, whether cash, book accounts or notes, or in any form whatsoever, shall be the property of the Company and shall be received and held by the Dealer as the Company's property in trust for its benefit and subject to its order in lieu of the goods so sold. Cash proceeds shall be turned over to the Company as and when collected by the Dealer and shall be applied on the Dealer's indebtedness under this contract";

And it appearing that the provision in the said contracts for accounting were carried out regularly each month by the parties, together with a physical check of inventory;

And it appearing that the referee in bankruptcy held that the conditional sales contracts involved were properly executed and properly recorded in the county in which the conditional vendee resides, that the affidavits of the conditional sales contracts complied with the requirements of Ohio Revised Code, Sec. 1319.11 and that the description of the goods covered by the conditional sales contracts, which contained an itemized list of all goods described by type and model number and purported to cover all sales of goods of the special make, sufficiently identified the goods under Ohio law;

And it appearing that the District Court confirmed the order of the referee;

And it appearing that the findings of the referee and of the District Court, 119 F.Supp. 868, are supported by the record and that their conclusions of law are correct under applicable authorities and Ohio decisions, Kleine, Hegger & Co. v. L. Katzenberger & Co., 20 Ohio St. 110, 117, approved and followed in Brubaker v. Brubaker, 55 Ohio St. 648, 48 N.E. 1110, and Kelly v. Tracy & Avery Co., 71 Ohio St. 220, 242, 73 N.E. 455; Lawyers' Cooperative Publishing Co. v. Rose, 60 Ohio App. 258, 20 N.E.2d 720; 65 A.L.R. 715 et seq.; 47 Am.Jur. 52; Raeuber v. Central National Bank, D.C.N.D.Ohio,

112 F.Supp. 865. Cf. In re Collinwood Motor Sales, Inc., 6 Cir., 72 F.2d 137, and National Cash Register Co. v. Marks, 6 Cir., 13 F.2d 628;

The order of the District Court holding the conditional sales contracts valid, sustaining the order of the referee and dismissing the petition to review, is affirmed.