FORGAN v. BLYTHE.

1. SALES—CONDITIONAL SALES CONTRACT—REMEDY ON DEFAULT.
   Under pure conditional sales contract, if buyer fails to make payments in accordance therewith, seller may immediately exercise his right to take property, or he may sue on contract and recover judgment for unpaid purchase money.

2. SAME—ELECTION TO MAKE SALE ABSOLUTE.
   Suit by seller or his assignee to recover purchase price, on buyer's default under conditional sales contract, constitutes election to make sale absolute.

3. CHATTEL MORTGAGES—RESERVING LIEN AS SECURITY—INTENT.
   Giving an instrument in form purporting to reserve title in vendor, where intent of parties is to give security, is in reality making absolute sale with retention of lien by way of security.

4. SAME—INCONSISTENT REMEDIES—INTENT.
   If instrument purports to reserve title and gives right of action to recover debt without passing title, two being inconsistent, it must be considered intent of parties was to make absolute sale with reservation of lien by way of security.

5. SAME—FORECLOSURE—DEFICIENCY.
   Where contract for sale of airplane hangar and shed purported to reserve title, and gave right of action to recover debt without passing title, trial court properly construed instrument as chattel mortgage which might be foreclosed and judgment taken for deficiency.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted April 26, 1932. (Docket No. 174, Calendar No. 36,257.) Decided June 6, 1932. Rehearing denied January 25, 1933.

Assumpsit by David R. Forgan and others, trustees under name of Commercial Credit Trust, as assignees, against Joseph T. Blythe for deficiency on

On seller's right to recover from purchaser possession or value of property on default, see annotation in 32 L. R. A. 459.

foreclosure of chattel mortgage. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Wynn, Zinn & Freimuth,* for plaintiffs.

*Pear & Beattie* (*Donald K. Tyler,* of counsel), for defendant.

Potter, J. Plaintiffs, as trustees under an express trust, sued defendant and recovered judgment from which defendant appeals.

Defendant was interested in National Airways, Inc. It bought from the Esline Company, a corporation of Oconomowoc, Wisconsin, for $6,173.35, an airplane hangar and lean-to shed. It paid $1,445.75 in cash and gave for the balance 24 promissory notes of $196.98 each, payable one each month for 24 months. At the time the property was purchased by the National Airways, Inc., what was called a conditional sales contract was entered into as follows:

```
"Cash Price....................$5,783.00
"Carrying Charge..............   390.35
                              _____
"Total Time Price..............$6,173.35
"Down Payment.................. 1,445.75
                              _____
"Balance .....................$4,727.60
```
"Commercial Credit Companies
"To Esline Company (Dealer-Jobber)
"Address: .....................
"Town and State: Oconomowoc, Wisc.
              "Date: December 16, 1929.
    "Model No. Serial No. Description of Art. Mfg'd. by Esline Company
    "One round roof hangar, 52' x 80' x 12'
    "One lean-to shed 20' x 40'
    "(Roof and sides of lean-to lined, two service doors and 12 steel sash erected.)

"(Chattels will be kept and/or installed at Plymouth & Middle Belt Roads near Plymouth, Michigan. (Give legal description of realty.)

"After thorough examination, I hereby buy and accept delivery of the above chattels and will pay you therefor the total time price of $6,173.35 as follows: $1,445.75 cash upon execution hereof and $4,727.60 to be evidenced by note of even date to your order in 24 approximately equal monthly installments of $196.98 each, commencing December 14, 1929, payable at the office of Commercial Credit Company ................. Title to said chattels shall remain in you until I have paid in cash all amounts owing hereunder and have performed all conditions hereof. Any extensions or assignments of this contract or extensions or negotiations of said note shall not waive any condition herein contained. Said note is a negotiable instrument separate and apart from this contract even though at time of execution it may be temporarily attached hereto by perforation or otherwise.

"Said chattels shall remain personal property and nothing (anything which may be done by the parties hereto to the contrary notwithstanding) shall prevent you from removing same, or so much thereof as you in your sole discretion may determine, from any premises to which they may be attached upon any breach of this contract.

"I shall not misuse, secrete, sell, incumber, remove or otherwise dispose of or lose possession of said chattels, nor permit nor suffer any lien, incumbrance or charge against said chattels, and shall be responsible for any loss or damage to said chattels by fire or other casualty.

"Should I fail to pay said indebtedness or any part thereof when due, or breach this contract, or should you feel yourself or said chattels insecure, the entire unpaid balance shall at once become due and payable, and you may, without notice or demand, by process of law or otherwise, take possession of said

chattels wherever located and retain all monies paid thereon for the reasonable use of said chattels and I will pay for necessary repairs because of damage thereto; or you may sell the same at public or private sale and apply the proceeds after deducting expenses, liens, and any attorney's reasonable fee paid or incurred by you to the payment of said note and interest, and pay the surplus, if any, to me; and in case of a deficiency I will pay the same at once. I waive all claims, damages and demands against you arising out of the repossession, retention, reparation and sale as aforesaid.

"Any action to enforce payment of said note shall not waive any of your rights hereunder. Any indulgences granted me shall not constitute a waiver of any of your rights. Time is of the essence of this contract. Any part of this contract contrary to the law of any State shall not invalidate other parts of this contract in that State. All words shall be construed to be of the gender and number as the context hereof may require. All rights and remedies herein contained are cumulative and not alternative. This contract may be assigned and/or said note may be negotiated without notice to me and when assigned and/or negotiated shall be free from any defense, counterclaim or cross-complaint by me.

"This contract constitutes the entire agreement and no waivers or modifications shall be valid unless written upon or attached to this agreement.

"This agreement shall apply to, inure to the benefit of, and bind your and my heirs, executors, administrators, successors and assigns.

"NATIONAL AIRWAYS, INC. (Seal)
"H. H. STRICKLAND, (Seal)
"Secretary.

"Witness: Jos. T. BLYTHE.
"Witness: WARNER COERY.

"Dealer must execute assignment on the reverse side hereof."

Seven of the promissory notes were paid. Seventeen of them are yet unpaid. All of the notes were indorsed by defendant. The notes were in substantially the following form:

"$196.98          Detroit, Michigan, Dec. 16, 1929.
"Twenty-four months after date, for value received, we promise to pay to the order of Esline Company One Hundred Ninety-six ...... 98/100 Dollars at Bank of Michigan, Detroit, Michigan.

"The makers, indorsers and guarantors of this note hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest thereof and consent that time of payment may be extended without notice; and waive all stay of execution and all exemption from levy and sale under execution upon any judgment rendered upon this note after maturity; and agree in case this note is not paid at maturity and is placed in the hands of an attorney for collection, to pay a reasonable attorney fee not to exceed 10 per cent. of the amount then due.

"No. 24.   Due ............
                    "NATIONAL AIRWAYS, INC.,
                    "H. H. STRICKLAND,
                              "Secretary.
"Indorsements on each note as follows:
      "J. BLYTHE,
         "ESLINE COMPANY,
            "J. M. LEINEN,
               "Treasurer."

The contract of sale and the notes by successive assignments were transferred to plaintiffs. Default was made in the payments to grow due upon the contract as evidenced by the notes. Plaintiffs foreclosed this contract as a chattel mortgage. The property was sold at chattel mortgage sale. The proceeds derived from the sale were applied upon

the amount due upon the contract and suit was brought against defendant for deficiency. A summary judgment was entered. Defendant claims:—

(1) A summary judgment should not have been entered,

a. Because defendant's affidavit of merits was sufficient to defeat the right of summary judgment;

b. The court had no power to render a summary judgment; and—

(2) The plaintiff may not sue for the purchase price of the property, having repossessed itself of the same.

The language of the contract governing the respective rights of the parties in case of vendee's default provides plaintiffs may take possession of chattels and retain all moneys paid thereon, or, at their option, sell the same at public or private sale, apply the proceeds after deducting expenses, liens and reasonable attorneys' fees paid or incurred, to the payment of the notes and interest, paying the surplus to defendant, and in case of deficiency, defendant promises to pay the same at once.

Under a pure conditional sales contract, if the vendee fails to make the payments in accordance therewith, the vendor may immediately exercise his right to take the property, or he may sue upon the contract and recover judgment for the unpaid purchase money. If the seller or his assignee sues to recover the purchase price, he elects to make the sale absolute. Giving an instrument in form purporting to reserve title in the vendor where the intent of the parties is to give security is in reality the making of an absolute sale with the retention of a lien by way of security. If the instrument purports to reserve title and gives a right of action to recover the debt without passing title, the two being

inconsistent, it must be considered the intent of the parties was to make an absolute sale with reservation of lien by way of security. *Atkinson* v. *Japink,* 186 Mich. 335; *Young* v. *Phillips,* 203 Mich. 566. The instrument in question purports to reserve title, to give a right of action to recover the debt without passing title. It must be considered that the intent of the parties was to make an absolute sale with a reservation of lien by way of security. The trial court was correct in construing the instrument in question as a chattel mortgage which might be foreclosed and judgment taken against defendant for deficiency.

Judgment of the trial court is affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.