GALION IRON WORKS & MANFG. CO. *v.* SERVICE COAL CO.

1. CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACT—ACCELERA-
   TION CLAUSE—SALES.

   Acceleration clause alone is not sufficient to transform instru-
   ment, otherwise conditional sales contract, into chattel mort-
   gage.

2. SALES—CONDITIONAL SALES CONTRACT—REMEDIES OF SELLER.

   Under conditional sales contract, vendor may reserve option to
   recover purchase price or to reclaim property, but he may not
   do both.

3. SAME—CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACT.

   Instrument retaining title in seller, containing acceleration
   clause, and providing that in case of default seller, at its
   option, might take possession as and for its own property and
   retain all sums paid by purchaser as rental and reimbursement
   for expense, but containing no provision for sale of re-
   possessed property with pursuit of personal liability for de-
   ficiency, *held,* conditional sales contract and not chattel mort-
   gage.

4. SAME—LIENS.

   Provision for lien is not inconsistent with conditional sales
   agreement.

5. ELECTION OF REMEDIES—SALES—ACTION IN ASSUMPSIT—PASSING
   TITLE—REPLEVIN.

   By commencing suit in assumpsit to recover purchase price, seller
   under conditional sales contract made binding election to, and
   did, transfer title to purchaser, barring seller's right to recover
   in replevin.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted June 15, 1933. (Docket No. 37, Calendar No.
37,213.) Decided August 29, 1933.

Replevin by Galion Iron Works & Manufacturing
Company, a foreign corporation, against Service

Coal Company, a Michigan corporation, to recover certain unloading equipment. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Eugene G. Donohoe* (*Edmund J. Stafford*, of counsel), for plaintiff.

*Harold F. Coyle*, for defendant.

FEAD, J. The action is replevin to recover possession of a monoveyor, sold by plaintiff to defendant on instalment payments. The relevant portion of the contract of sale is:

"Payment shall be made according to the terms of this proposal. Upon default of the purchaser in making any payment upon any account or note, or in carrying out any of the provisions of this proposal the entire purchase price shall at once, at the option of the Galion Iron Works & Manfg. Company, become due and payable.

"The title of all material covered by this proposal, until fully paid for in cash, at the time and in manner herein provided for, and any notes or acceptances given shall have been paid in full in cash at the agreed rate of interest, shall be and remain in the Galion Iron Works & Manfg. Company, and such material shall be and remain, and shall be considered as, personal property, notwithstanding the mode or manner in which such personal property shall be annexed or attached to the realty; and in the event of any default of the purchaser the Galion Iron Works & Manfg. Company may at once, without due process of law, take possession of any material covered by this proposal and remove same from the premises as and for its property. In the event of such repossession, all sums paid by the purchasers are to be considered as rental for use of the aforementioned property and as reimbursement to the

Galion Iron Works & Manfg. Company for the cost of dismantling and removing said property. It is further agreed that the Galion Iron Works & Manfg. Company shall have the right to avail themselves at their option of the local lien laws in lieu of the right given in this paragraph.''

About a year prior to the commencement of this suit plaintiff had brought action in assumpsit to recover the whole of the unpaid purchase price. Later it dismissed the suit and commenced this action. Plaintiff had judgment.

The questions are whether the contract of sale is a conditional sales contract or chattel mortgage, and, if the former, whether commencement of the assumpsit action bars recovery in replevin.

The court held the instrument a chattel mortgage solely because of the acceleration clause, on the authority of *Heyman Co.* v. *Buck,* 221 Mich. 225; *Thomas Spacing Machine Co.* v. *Security Trust Co.,* 223 Mich. 164.

Perhaps it would be well to state categorically that the acceleration clause alone is not sufficient to transform an instrument, otherwise a conditional sales contract, into a chattel mortgage. At one time confusion seems to have existed in the profession upon the position of the court as to the tests to be applied in ascertaining the character of the instrument, and the court, recognizing the situation, took occasion, in *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15; *Federal Commercial & Savings Bank* v. *International Clay Machinery Co.,* 230 Mich. 33 (43 A. L. R. 1245); *Nelson* v. *Viergiver,* 230 Mich. 38, to clarify its rulings. It fairly may be said that, with those opinions, the court made a new start on the law of conditional sales.

The rights and remedies reserved by a vendor are of much importance in determining the character of the sale. Under a conditional sales contract, the vendor may reserve the option to recover the purchase price or to reclaim the property, but he cannot do both. At bar, the vendor reserved such option and no more. His right to retake the property was "as and for its property," *i. e.*, as owner, and payments made were not to be credited on the purchase price as in case of chattel mortgage but were to be considered as rental and reimbursement for expense. No provision was made for sale of repossessed property with pursuit of personal liability for a deficiency. The instrument was a conditional sales contract under the above opinions and *In -re Petition of Hume,* 260 Mich. 555.

The provision for lien was not inconsistent with a conditional sales agreement. *F. M. Sibley Lumber Co.* v. *Wayne Circuit Judge,* 243 Mich. 483, 487; *Warner Elevator Manfg. Co.* v. *Capitol Investment Building & Loan Ass'n,* 127 Mich. 323 (89 Am. St. Rep. 473).

By commencing suit in assumpsit to recover the purchase price, plaintiff made a binding election to, and did, transfer title to the defendant.

In *Nelson* v. *Viergiver, supra,* Mr. Justice SHARPE said:

"If he (the seller) elects to retake the property, and does so, he cannot recover any part of the contract price by suit. On the other hand, if he brings suit to recover the debt due him, he cannot thereafter assert his right to retake possession."

See, also, *H. G. Vogel Co.* v. *Original Cabinet Corp.,* 252 Mich. 129; *Forgan* v. *Blythe,* 258 Mich. 689, 694.

Title having passed to defendant, and plaintiff having no lien upon the property, the latter is not entitled to possession.

Judgment reversed, and cause remanded for entry of judgment for defendant, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.