BREEN *v.* FELDMAN.

1. SALES — TITLE-RETAINING   CONTRACT — DEFAULT — REMEDY   OF
SELLER.

When purchaser of furniture under title-retaining contract failed
in his payments, seller might retake property, which he had
right to do under contract, or he could sue to recover unpaid
purchase price.

2. SAME—ELECTION OF REMEDY—PASSING TITLE.

Where seller of furniture under title-retaining contract elected to
sue for unpaid purchase price, on purchaser's default, sale
became absolute and title passed to purchaser.

3. SAME—TENDER OF BILL OF SALE—CONDITION PRECEDENT—ASSIGN-
MENT OF LEASE.

Seller of furniture for apartment house under title-retaining con-
tract, who executed assignment of lease in accordance with
agreement with purchaser, was not required to tender bill of
sale or proper assignment of lease as condition precedent to
commencement of action to recover unpaid purchase price,
where purchaser had defaulted in payments on contract and
landlord had terminated lease because of his failure to pay
rent.

Appeal from Wayne; Lamb (Fred S.), J., pre-
siding.  Submitted June 7, 1933.  (Docket No. 42,
Calendar No. 37,183.)  Decided August 29, 1933.

Assumpsit by James S. Breen against Samuel
Feldman for balance due under title-retaining con-
tract.  Judgment for defendant.  Plaintiff appeals.
Reversed, and judgment ordered entered for plain-
tiff.

*McClatchey, Coburn & Garber,* for plaintiff.

*Reuben Levin,* for defendant.

McDonald, C. J.   This action was brought by the plaintiff to recover the balance due on a conditional sales contract.   He sold to the defendant furniture, dishes, and other personal property used in two apartment houses, together with a lease of the premises.   A title-retaining contract was executed, and the lease assigned with the written consent of the landlord.   The lease provided for a lien on the personal property to secure payment of the rent.   Defendant made a down payment of $1,500, and went into possession of the property.   Thereafter he secured an extension of the lease from the landlord, and, with his written consent, sold and assigned it together with the contract to one Harry Barsky. Neither defendant nor Barsky made any further payments on the contract.   Barsky defaulted in payment of the rent, and the landlord took possession of the property under the chattel mortgage clause of the lease.   The plaintiff sued defendant Feldman to recover the balance due on the contract.   At the conclusion of the trial the court found against the plaintiff, and entered a judgment of no cause of action, on the theory that, as a condition precedent to the commencement of suit, plaintiff was required to tender a bill of sale of the personal property and a proper assignment of the lease.   The plaintiff has appealed.

The court erred in entering the judgment in favor of the defendant.   If the defendant had performed the contract he would have been entitled to a bill of sale.   He made no payment other than the $1,500 at the time of the execution of the contract.   When

he failed in his payments, the plaintiff might re-take the property, which he had a right to do under the contract, or he could sue to recover the unpaid purchase price. He chose the latter course, and by so doing elected to make the sale absolute and pass title to the defendant. *Forgan* v. *Blythe,* 258 Mich. 689; *Young* v. *Phillips,* 203 Mich. 566.

Nothing further could be accomplished by tendering a bill of sale. It was not a condition precedent to the commencement of a suit.

The assignment of the lease which the plaintiff gave on execution of the contract was in accordance with the agreement between the parties. The defendant was entitled to nothing more. The only condition was that he should pay the rent and keep up his payments on the contract. Moreover, before the commencement of this suit the landlord had terminated the lease because of the defendant's failure to pay the rent. And, of course, with defendant's forfeiture, the plaintiff's interest in the lease was terminated. He had nothing to assign. But he had given the assignment agreed upon and nothing further was required of him. The tender of a bill of sale and assignment of the lease before beginning suit would have been a useless formality.

The judgment is reversed, and, as the amount due on the purchase price is not in dispute, the cause is remanded to the circuit court for the entry of a judgment in favor of the plaintiff. The plaintiff will have costs.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.