UHL *v.* WEXFORD CO.

WESTERLIN & CAMPBELL CO. *v.* GRAND RAPIDS TRUST CO.

1. SALES—CONDITIONAL SALE CONTRACT—CHATTEL MORTGAGES.
   Instrument providing that title of refrigerating equipment should remain in vendor until purchase price is paid, for acceleration of payment of purchase price, for a reasonable attorney's fee and insurance for benefit of vendor *held*, a conditional sale contract and not a chattel mortgage.

2. SAME—POSSESSION.
   The right of vendor to reenter into possession of personalty depends not on contract but on law.

3. SAME—RESERVATION OF TITLE.
   Reservation of title of personalty should be given effect where there is nothing in the instrument inconsistent with a conditional sale.

4. SAME—CONSTRUCTION OF CONTRACT—CONDITIONAL SALE CONTRACT.
   Provision for accelerating payment of purchase price and requiring insurance for benefit of vendor in instrument for sale of personalty and the taking of promissory notes for balance of purchase price are not inconsistent with construction as a conditional sale contract.

5. SAME—CONDITIONAL SALE CONTRACT.
   Statements in correspondence between vendor and vendee indicating vendor considered instrument relating to refrigerating equipment a conditional sale contract, which were not refuted by vendee, *held*, indicative that it was such a contract.

Appeal from Kent; Perkins (Willis B.), J. Submitted June 7, 1934. (Docket No. 77, Calendar No. 37,885.) Decided September 18, 1934.

Receivership proceedings by David E. Uhl, receiver, against Wexford Company, a Michigan corporation. Grand Rapids Trust Company was appointed receiver. On petition of Westerlin & Campbell Company, an Illinois corporation, to reclaim machinery and cancel notes. From order allowing petition, receiver appeals. Affirmed.

*Smith, Searl & Strawhecker,* for petitioner.

*Thomas F. McAllister,* for receiver.

EDWARD M. SHARPE, J. The facts in this case are not in dispute. Appellee sold refrigerating equipment to the Wexford Company in May, 1929, for the sum of $6,375, part of which was paid in cash and the balance to be paid in 18 monthly instalments. A balance of $2,291, represented by 12 promissory notes, dated from May 26, 1931, to September 26, 1932, and falling due from December 26, 1932, to May 26, 1933, was in default on January 3, 1934, at the time the Grand Rapids Trust Company was appointed receiver of the Wexford Company.

The contract was not recorded and contained the following provisions:

"And in case you shall fail to make any of the said payments upon the due dates thereof, then we

may, at our election, call the whole purchase price, or any part thereof remaining unpaid, immediately due and payable. In case of any suit either in law or in equity to enforce the payment of the above-mentioned purchase price or any part thereof or any of our rights hereunder, a reasonable attorney's fee shall be allowed us as part of the cost therein, the same to be taxed and fixed by the court as such.

"Title of all machinery and equipment furnished under this proposal is not to pass to you but is to remain vested in us until the purchase price is fully paid to us in cash, and you are in the meantime to keep such machinery and equipment fully insured for the protection of our interest."

Appellee filed a petition for reclamation of the machinery and for the cancellation of the notes evi-. dencing the indebtedness, claiming that the agreement was a conditional sales contract. Upon the trial evidence was produced to show that the Wexford Company had paid upon the contract the sum of $4,337.02 while the rental value of the property during the time the property was in the possession of the Wexford Company was $4,850. The trial court held that the instrument in question was a conditional sales contract and ordered that the machinery be turned over to petitioner upon cancellation of the promissory notes.

The defendant claims that there is no provision in the contract for retaking the property in case of default and that inasmuch as the contract also provides that title is not to pass to the vendee until the purchase price is fully paid, this provision and lack of provision makes the transaction a sale with retention of title in the nature of a mortgage for security. However, the right of the vendor to reenter into possession depends not on contract but on law. *Wiggins* v. *Snow,* 89 Mich. 476; *Ryan* v. *Wayson,* 108

Mich. 519; *National Cash Register Co.* v. *Richards,* 159 Mich. 128.

We cannot agree with defendant that the two paragraphs of the contract above referred to give the vendor the right to sue for the debt while at the same time retaining title to the chattels. The contract does not in terms give the vendor any specific rights of action of any nature whatever, but merely provides that if action is brought a reasonable attorney's fee shall be allowed. The contract also provides that title to the machinery shall remain in the vendor, but this provision does not conflict with the rule that a conditional vendor cannot recover both the purchase price and possession of the property.

Where there is nothing in the instrument inconsistent with a conditional sale, there is no reason why the reservation of title should not be given its primary and natural meaning. The acceleration clause is not inconsistent with a conditional sales contract. *Galion Iron Works & Manfg. Co.* v. *Service Coal Co.,* 264 Mich. 298. Neither is the provision that the purchaser shall insure. *Federal Commercial & Savings Bank* v. *International Clay Machinery Co.,* 230 Mich. 33 (43 A. L. R. 1245). Nor the taking of promissory notes for the balance of the purchase price. *Federal Commercial & Savings Bank* v. *International Clay Machinery Co., supra; Contractors Equipment Co.* v. *Reasner,* 242 Mich. 589; *Galion Iron Works & Manfg. Co.* v. *Service Coal Co., supra.*

Indicative of the fact that the instrument is a conditional sales contract is the correspondence between the parties prior to the time that the promissory notes were given. In a letter from the vendor to vendee dated July 3, 1929, the vendor refers to the "equipment which we are furnishing you." Another letter dated June 10, 1930, refers to "our

equipment" and in a third letter dated January 15, 1931, the vendor says:

"As regards the Wexford Company account, the greater portion of this balance remains unpaid on conditional sales contract for the refrigerating equipment and ice cream freezer which we furnished during June, 1929."

While the attitude of the vendor as expressed in the above letters is not controlling, yet the fact that defendant did not in any way refute these statements strengthens petitioner's contention that both the vendor and vendee at the time the contract was made considered it as a conditional sales contract.

Affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J. BUTZEL, J., concurred in the result.