## In re JAY'S FOOD MART.
### No. 34616.

United States District Court
E. D. Michigan, S. D.
Feb. 15, 1954.

John F. Noonan, Porritt, Freud, Toppin & Louisell, Detroit, Mich., for claimant.

Arthur M. Schueler, Detroit, Mich., trustee in bankruptcy.

LEVIN, District Judge.

The Court has before it a petition by the trustee in bankruptcy to review an order of the Referee holding valid a lien of the Dorau-Owens Company.

The facts are not in dispute. On January 2, 1953, four days before the filing of the petition in bankruptcy, the Dorau-Owens Company repossessed certain shelving, racks and other fixtures which it had sold to the bankrupt under an instrument purported to be a conditional sales contract. The trustee maintains that it was, in effect, a chattel mortgage transaction and that the lien of the Dorau-Owens Company is invalid against the trustee for failure to record. Under Michigan law a chattel mortgage must be recorded to preserve the mortgagee's rights against third parties while a vendor's rights under a conditional sales contract are preserved without recording.

The following two provisions of the instrument are pertinent to this discussion:

(1) "In case of failure to make any payment in the time and manner as herein provided, * * * the seller, his or its assigns may, at their option, retake said property * * but in the event of such re-taking any amount that may have been paid thereon shall be considered as payment for use, ordinary wear, and depreciation of said property while in the possession of the purchaser, * * * If the amount so paid shall not cover the reasonable rental value and depreciation of said property, the purchaser agrees to pay seller on demand the balance of such amount."

(2) "It is agreed title to above described property and all material and parts furnished in connection therewith shall not pass to the purchaser until the price thereof, or any judgment for all or part of the same, is paid in full, and that until such payment said property and parts shall remain the property of said seller, his or its successors or assigns."

The Referee based his determination solely upon the first-quoted provision. The trustee contended that the language, which permits the vendor to retake the property, to retain all payments, and to recover an additional amount from the vendee in the event that the amounts so paid do not cover reasonable rental value and depreciation, has the effect of converting the instrument into a chattel mortgage. In rejecting this position, the Referee relied upon In re Voight-Pros't Brewing Co., 6 Cir., 115 F.2d 733, 735, wherein is adopted the following language from an earlier case, In re Berghoff Printing Co., 6 Cir., 62 F.2d 493, 494, which reads:

"Where the instrument specifically reserves title in the seller, the test of this distinction, under the Michigan cases, is whether the seller can retake the goods and then sue for the deficiency in the sale price. If he can do both, the instrument is a mortgage; but, if upon the retaking he can do no more than sue for the rental value of the property or nonperformance of the contract, then it is a conditional sale with title re-

tained in the seller until he elects to sue for the purchase price." )

The Michigan authority relied upon by the Court in In re Berghoff Printing Co. is the case of Burroughs Adding Machine Co. v. Wieselberg, 230 Mich. 15, 19, 203 N.W. 160, 162, wherein the Michigan Supreme Court indicated that such provisions in the instrument, authorizing the vendor to retake the property, to retain payments made, and to look to the vendee for additional recoveries, give to it the substantial characteristics of a chattel mortgage:

"If an instrument presents a case of security in the nature of a chattel mortgage, then it is to be held, when rights of third' parties intervene, to come within the law relating to the recording of such an instrument. The question turns upon whether an instrument, with rights and remedies thereunder, express or implied or by operation of law, provides security for the unconditional payment of an obligation assumed with reference to chattels. The pure conditional sale gives possession of chattels with the right to ownership upon payment of the agreed price, retaining title in the seller, with right of reclamation in case of default or the alternative of passing the title by suit for the purchase price. *The right to retake the property, retain payments made, estimate wear and tear, compute damage, and look to the buyer for deficiency in the agreed price, is consonant only with remedies under instruments providing for security in the nature of a chattel mortgage; for in such a case the security is but an incident of a debt absolutely due from the buyer to the seller.*" (Italics added.)

I do not believe that the broad language in In re Berghoff Printing Co., which has been quoted above and relied upon by the Referee to validate this lien, is consistent with the Michigan cases. The instruments under consideration in both In re Voight-Pros't Brewing Co. and in In re Berghoff Printing Co. con-

tained no provisions with reference to recovery by the vendor of rental value or depreciation after he has reclaimed the property, and the authority of these decisions should be restricted to their specific facts.

Furthermore, under the second provision, the seller is permitted to sue for the balance of the purchase price, and to obtain a judgment therefor, and at the same time retain the title to the property. Under Michigan law, such an election to the vendor requires a construction that the instrument is a chattel mortgage. In Forgan v. Blythe, 258 Mich. 689, 694, 242 N.W. 811, 813, the Michigan Supreme Court held:

"If the instrument purports to reserve title and gives a right of action to recover the debt without passing title, the two being inconsistent, it must be considered the intent of the parties was to make an absolute sale with reservation of lien by way of security. Atkinson v. Japink, 186 Mich. 335, 152 N.W. 1079; Young v. Phillips, 203 Mich. 566, 169 N.W. 822."

The ruling of the Referee is reversed and an order may be entered accordingly.