FLINT FURNITURE MART v. BECKLEY.

1. CHATTEL MORTGAGES—PURCHASE PRICE—RECLAMATION OF POSSESSION—TITLE.
   An instrument will be treated as a chattel mortgage if it provides for the exaction of the full purchase price unpaid and reclamation of possession even though the instrument also provides for retention of title by the vendor.

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur, Chattel Mortgages §§ 2, 8.
[2] 46 Am Jur, Sales § 515.
[3] 10 Am Jur, Chattel Mortgages §§ 236, 268.
[4] 46 Am Jur, Sales § 515.
[5] 47 Am Jur, Sales §§ 842, 873.
[5] Liability of purchaser under conditional-sale contract, or one claiming under him, as for conversion, 73 ALR 799.
[6] See, generally, 47 Am Jur, Sales § 828.

2. SALES—CONDITIONAL-SALE CONTRACT—REMEDIES OF VENDOR.

   The seller of goods under a conditional-sale arrangement may retake the goods on default and rescind the sale or sue for the price and elect to pass property to the buyer.

3. SAME—CHATTEL MORTGAGES—LIENS—REMEDIES OF VENDOR.

   A seller of goods under a chattel-mortgage arrangement has a lien on the property with right to reclaim, resell it and sue for the deficiency.

4. SAME—TITLE-RETAINING CONTRACT—REMEDIES OF VENDOR.

   The seller of goods under a title-retaining contract may retake the property *or* sue for the balance but may not do both.

5. SAME—TITLE-RETAINING CONTRACT—ACCELERATION OF PAYMENTS—RESALE BY BUYER—LIABILITY OF PURCHASER FROM BUYER.

   Defendant purchaser of furniture from buyer who had bought it from plaintiff under a title-retaining contract providing for payments thereunder during ensuing 24-month period, became liable to plaintiff for the unpaid balance due plaintiff thereon, where defendant resold the property without the knowledge or consent of plaintiff and plaintiff accelerated payments pursuant to clause authorizing it to do so.

6. CONTRACTS—CONSTRUCTION—CAPTION.

   The caption of an agreement need not be resorted to in order to construe an agreement which is fairly plain and speaks for itself.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 6, 1955. (Docket No. 44, Calendar No. 46,367.) Decided March 9, 1955.

Case by Flint Furniture Mart, a corporation, against Charles L. Beckley for conversion of furniture covered by title-retaining contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Robert R. Evans,* for plaintiff.

*Smith & Smith* (*Herbert W. Smith,* of counsel), for defendant.

REID, J. Defendant appeals from a judgment rendered in the circuit court against him, July 28, 1954, and from an order denying a new trial entered on September 13, 1954, in the circuit court for Genesee county.

On May 23, 1953, plaintiff sold to Ike Cotton and Charles W. Allen, certain furniture for the agreed price of $616.80, including financing and recording charges. The agreement of sale was captioned, "conditional sale agreement and note." After a recital of the parties and price, and a description of the property, the agreement, exhibit A, contained the following:

"Buyers agree to the following:

"1. The above property has been received in good condition.

"2. To pay to seller (successors or assigns) or order, the sum of $616.80 purchase money, in 24 monthly instalments of twenty-five and 70/100 dollars ($25.70) each on the same day of each consecutive month hereafter, commencing on the 27 day of June, 1953, and . . . dollars final instalment, negotiable and payable at the Merchants and Mechanics Bank, 120 West First street, Flint, Michigan.

"3. Not to remove property from Genesee county, Michigan without prior consent of seller.

"4. That the information furnished in the buyers statement on the reverse side is correct and is given for the purpose of inducing seller to extend credit for the purchase of the described property.

"It is mutually agreed between buyer and seller:

"5. Title is reserved in seller until purchase price (which is the time balance plus down payment) is fully paid and the extension or renewal of above note shall not pass title to the buyer.

"6. In case of default, in any particular, seller may, without notice, demand, or legal process, take possession of the said property and may lawfully

enter premises where it is located to effect such possession.

"7. The full balance shall, without notice, become due forthwith if seller shall have cause to consider the indebtedness or the property insecure.

"8. Any indulgence or rearrangement by seller with buyer is not a waiver nor shall they or either of them affect the rights of seller.

"9. This is the entire contract. There are no warranties, agreements, representations, promises, or statements unless expressly set forth in this contract. This contract inures to the benefit of and binds the heirs, executors, administrators, successors, assigns of seller and buyer.

"10. Buyer acknowledges receipt of a duplicate of this contract.

"Buyer—/s/ IKE COTTON

"/s/ CHARLES W. ALLEN

"Seller—FLINT FURNITURE MART

"By /s/ WM. BRUSHABER

"AST. TREAS.

"/s/ WM. BRUSHABER
 "Witness."

This instrument was not recorded in the office of the register of deeds. The furniture covered by the contract in question was purchased from Mr. Allen about the 7th day of July by defendant, Charles L. Beckley, who had no knowledge of said agreement and who seems to have taken the furniture to his new and used furniture store, all in the same city (Flint) and defendant disposed of the furniture prior to being called upon by Mr. Brushaber representing plaintiff.

The one controlling question in the case is whether exhibit A is a conditional-sales agreement or is in fact a chattel mortgage.

In *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich 15, we say at p 22:

"Absolute liability for the full purchase price may be stipulated and enforced, but title may not be retained, possession reclaimed, *and the full purchase price unpaid also be exacted,* without having the instrument fall within security in the nature of a chattel mortgage." (Italics supplied.)

In *Mills Novelty Co.* v. *Morett,* 266 Mich 451, we say (syllabus 3):

"The distinction between a transaction involving a conditional sale and one involving a chattel mortgage lies in the rights and remedies of the vendor: In the former, the seller may retake the goods on default and rescind sale or sue for the price and elect to pass property to the buyer; in the latter, vendor has lien on property with right to reclaim, resell it and sue for deficiency."

In the *Mills Case* we cite with approval the distinction between conditional sales agreements and chattel mortgages set forth in *Atkinson* v. *Japink,* 186 Mich 335, and *Burroughs Adding Machine Co.* v. *Wieselberg, supra.* The distinction between conditional-sales contract and chattel mortgage recited in the cases just cited is quoted with approval also in *Nibbelink* v. *Coopersville State Bank,* 286 Mich 1, 5, 6. In the instant case, by the contract hereinbefore recited, the title to the furniture was retained in seller until paid in full. There is nothing in the contract that can be construed as authorizing the seller to sue and recover a judgment for the balance of the purchase price if he retakes the goods.

The defendant relies on his construction of the seventh clause of the contract in question, above quoted. Defendant stresses the words therein, "the indebtedness * * * insecure," as showing that the seller did not intend that this should be a pure title-retaining contract, and leaving the plaintiff the option to bring suit on the note. Evidently defend-

ant means that plaintiff could sue for the balance after retaking the property. We cannot accept the construction of the seventh paragraph claimed by defendant. In any event, the word "indebtedness" and the word "property" in the seventh paragraph have the disjunctive "or" and the seller's right is in the alternative as to "property" *or* "indebtedness." This does not indicate that the seller had the right to retake the property and still sue for the balance.

If the construction of the recitals in the agreement as to the remedies given the seller were doubtful, it might be of some value to look at the caption of the agreement, which is, "conditional sale agreement and note." We do not need to resort to the caption for construction of the agreement; the agreement is fairly plain and speaks for itself.

The trial court correctly construed the contract in question, ruling that the contract, "has all of the earmarks of a conditional sale. Nowhere does it give the seller any right to seize the property and sell it, and then sue for any balance due or in any manner collect any balance due. It has the acceleration clause which is permissible, and under all the facts of the case it is very apparent it was intended as a conditional-sales contract."

Defendant Beckley sold the furniture that was the subject of the conditional-sales contract without the knowledge or consent of plaintiff and rendered himself liable to plaintiff for that reason. The judgment for plaintiff appealed from is affirmed. Plaintiff may tax costs.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.