BECKLEY *v.* COTTON.

1. SALES—CONDITIONAL SALES CONTRACT—ASSIGNMENT.

  The assignee of the seller of goods under a conditional sales contract stands in the shoes of the assignor.

2. SAME—CONDITIONAL SALES CONTRACT—REMEDIES OF SELLER.

  A seller of goods under a conditional sales contract may, at his option, elect 1 of 2 inconsistent remedies but not both, that is, he may either sue for the purchase price or for reclamation of the property.

3. SAME—CONDITIONAL SALES CONTRACT—ELECTION OF REMEDIES— ASSIGNMENT.

  Since the seller under a conditional sales contract may not, after having sued the purchaser from the buyer and recovered the value of the merchandise sold, sue to recover the unpaid balance of the purchase price from the buyer, the assignee of the seller may not do so either.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 11, 1957. (Docket No. 48, Calendar No. 47,056.) Decided March 7, 1958. Rehearing denied April 14, 1958.

Action by Charles L. Beckley against Ike Cotton and Charles W. Allen for sums claimed due on conditional sales contract, with service on and proceedings against defendant Cotton only. Judgment for defendant. Plaintiff appeals. Affirmed.

*Herbert W. Smith,* for plaintiff.

*Neithercut & Neithercut,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Sales §§ 929, 936.
[2] 47 Am Jur, Sales §§ 944, 945.
[3] 47 Am Jur, Sales § 960 *et seq.*

DETHMERS, C. J. *Flint Furniture Mart* v. *Beckley,* 342 Mich 122, presents the background for this case. Plaintiff in that case sold furniture to Ike Cotton and Charles W. Allen, as vendees, under what we there held to be a conditional sales agreement. One of the vendees sold the furniture to the defendant therein, Beckley. He, in turn, sold it without the knowledge or consent of the plaintiff therein, the latter made demand upon him for its return, which was refused, and, in its resulting suit for conversion against Beckley, we affirmed judgment for the amount of the value of the furniture in favor of that plaintiff. Thereupon, Beckley paid that plaintiff the amount of the judgment and took from it an assignment of the conditional sales agreement.

Now Beckley, as plaintiff herein, brings suit on the mentioned conditional sales agreement against said vendees, Cotton and Allen, for the balance due on the purchase price thereunder. Plaintiff contends that, as assignee of the vendor's interest in the agreement, he stands in the shoes of the vendor and, hence, may sue and recover from the vendees the unpaid balance of the purchase price under the contract.

Defendants agree that plaintiff here stands in the shoes of his assignor, the vendor under the contract, but urge that when the vendor made the demand for return of the furniture which was refused and then sued in the previous case for conversion of the property it was electing to proceed for recovery of the property or its value and thereby became barred from suing in assumpsit on the contract for the purchase price or balance due thereon. *Galion Iron Works & Manfg. Co.* v. *Service Coal Co.,* 264 Mich 298; *H. G. Vogel Co.* v. *Original Cabinet Corp.,* 252 Mich 129; *Perkins* v. *Grobben,* 116 Mich 172 (39 LRA 815, 72 Am St Rep 512); and *Powers* v. *Fisher,* 279 Mich 442, cited by defendants, are authority for

their position that a vendor in a conditional sales contract may, at his option, elect 1 of 2 inconsistent remedies, that is, to sue either for the purchase price or for reclamation of the property, but not both, and that, having elected one remedy, he is bound thereby and may not thereafter go back to elect the other. It is clear, therefore, that the ven, dor, Flint Furniture Mart, after suing and obtaining judgment against Beckley for conversion, thereby electing to proceed for reclamation of the property or its value against one who was not a party to the contract, could not thereafter sue the vendees in the contract for the unpaid balance of the purchase price. Neither may its assignee, the plaintiff herein, as he here attempts to do. He has misconceived his remedy, if any, against the defendants in this action.

Judgment for defendants affirmed, with costs to them.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.