17530

GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v. V. T. JENKINS, Appellant

(108 S. E. (2d) 578)

*Messrs. Watkins, Vandiver & Freeman,* of Anderson, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Respondent,*

May 7, 1959.

TAYLOR, Justice.

This appeal presents two questions: 1. Was the instrument involved a Conditional Sale Contract or a Chattel Mortgage? 2. If a Conditional Sale Contract, is it required under the law of the State of Michigan to be recorded in order to be effective and valid against claims of subsequent purchasers or lien holders?

Action for claim and delivery of a certain automobile or the value thereof was brought in the Court of Common Pleas for Greenville County where plaintiff's alleged right to possession of the automobile is based upon a Conditional Sale Contract or Chattel Mortgage which it had acquired by assignment from North Chevrolet Company, a concern doing business in the State of Michigan. Plaintiff pleads the law of the State of Michigan inasmuch as the original transaction under which both parties claim title and right to possession of said automobile took place in Michigan.

Defendant's Answer was duly served, denying plaintiff's ownership of said automobile and asserting defendant's right to possession of said automobile by reason of his being an innocent purchaser for value. Defendant also filed the re-

quired undertaking to retain possession of said automobile pending disposition of this action.

Thereafter, an amended Complaint was served upon the defendant and an Answer to the amended Complaint was served upon the plaintiff in November, 1957.

The case came on for trial before Judge E. H. Henderson without a jury at the November, 1957, term of the Court of Common Pleas for Greenville County upon an agreed statement of fact, together with exhibits introduced in evidence. An order for judgment was entered for the plaintiff, and this appeal is from the judgment entered thereon.

On November 29, 1955, Simon Goldie, a resident of the State of Michigan, purchased a 1956 Chevrolet Sport Coupe from the North Chevrolet Company of Birmingham, Michigan. At the time of the purchase a portion of the purchase price was paid by Simon Goldie and on that date he executed an instrument in writing with the North Chevrolet Company with respect to the balance due on the purchase price of the automobile. The following day, November 30, 1955, Simon Goldie executed a Power of Attorney authorizing Charles Solomon to sign the name of Simon Goldie to any and all papers necessary to complete and secure title for possession of the automobile to Ballentine Motors, Inc., and to receive payment for the automobile. Charles Solomon, on December 2, 1955, executed a Bill of Sale for the automobile to Ballentine Motors, Inc., at Detroit, Michigan. Thereafter, Ballentine Motors, Inc., delivered the automobile to Ballentine-Crenshaw Motor Company which in turn delivered it to the defendant in the present action, V. T. Jenkins.

The instrument executed by Simon Goldie was assigned by the North Chevrolet Company to the plaintiff herein. Subsequently, an application for a certificate of title was filed with the Michigan Department of State and within due time a certificate of title was issued by the Michigan Department of State reflecting the contract and indebtedness to the plaintiff herein. The Application for the certificate of title was

filed with the Michigan Department of State on December 7, 1955.

Simon Goldie paid unto the plaintiff six monthly installments, on January 5,.February 7, March 6, April 2, May 2, and August 3, 1956, of $79.93 each, leaving a balance due under the contract, after rebating unearned insurance and finance charges, in the amount of $1,653.42.

By its Complaint the plaintiff has alleged that.it is the owner of and entitled to the possession of a 1956 Chevrolet automobile described in the Complaint. It is the contention of the plaintiff that it is entitled to the possession of the automobile under the terms and provisions of the Conditional Sale Contract executed by Simon Goldie on November 29, 1955. In its Complaint the plaintiff has plead the law of the State of Michigan, in which State the instrument was executed, to the effect that a Conditional Sale Contract is not required to be recorded in the State of Michigan for the contract to be valid and effectual as against subsequent purchasers or lien holders.

In *Burroughs Adding Machine Company v. Wieselberg,* 230 Mich. 15, 203 N. W. 160, decided in 1925 and · cited in many cases thereafter, the Supreme Court of Michigan held among other things that within that State even though a Conditional Sale Contract is not required to be recorded it is nevertheless of full force and binding effect upon a subsequent purchaser or lien holder but that a Chattel Mortgage to be effective as against the claim of a subsequent purchaser or lien holder must be recorded.

In *Powers v. Fisher,* 279 Mich. 442, 272 N. W. 737, 740, the Court used the following language in discussing the difference between a Chattel Mortgage and a Conditional Sale Contract:

"In a conditional sales contract, the vendor upon default by the vendee may retake possession of the property or may sue and recover judgment for the purchase price. If he sues for the value of the property, he elects to pass title. *Young v.*

*Phillips,* 203 Mich. 566, 169 N. W. 822; *Nelson v. Vier-- giver,* 230 Mich. 38, 203 N. W. 164; *Uhl v. Wexford Co.,* 268 Mich. 473, 256 N. W. 488.

" 'A conditional sale contract may reserve to the seller two· inconsistent rights. It may give him the election to sue upon the obligation to pay or retake possession of the property. He cannot, however, do both. If he elects to retake the prop-- erty, and does so, he cannot recover any part of the contract· price by suit. On the other hand, if he brings suit to recover· the debt due him, he cannot thereafter assert his right to· retake possession. He cannot recover a judgment for the· price while the title to the thing sold yet remains in him.'' *Nelson v. Viergiver,* 230 Mich. 38, 203 N. W. 164, 165.

\* \* \*

"The most striking difference between a chattel mortgage· and a conditional sale is that in a chattel mortgage if there is a default in payment there is an equity of redemption which must be foreclosed, while in a conditional sale the con-- dition of payment must be strictly performed. *Weathersly v. Weathersly,* 40 Miss. 462, 90 Am. Dec. 344. \* \* \*

"Treating the instrument in question as a conditional sale, as contended. by defendants, the right of possession in the· assignees of the vendees was dependent upon their making· payments as provided in the contract, and in the event of default in the making of such payments and demand by the· assignees of the vendors such assignees were entitled to re- cover possession of the property. *Wiggins v. Snow,* 89 Mich. 476, 50 N. W. 991; *Ryan v. Wayson,* 108 Mich. 519, 66 N. W. 370; *National Cash Register Co. v. Richards,* 159· Mich. 128, 123 N. W. 587.

"That the contract contains an acceleration clause, or a. clause providing the vendees shall keep the property insured,. is not sufficient to constitute the contract a chattel mortgage· rather than a conditional sale.

"The acceleration clause is not inconsistent with a condi-- tional sales contract. *Galion Iron Works & Mfg. Co. v. Service Coal Co.,* 264 Mich. 298, 249 N. W. 852. Neither·

is the provision that the purchaser shall insure. *Federal Commercial & Savings Bank v. International Clay Machinery Co.,* 230 Mich. 33, 203 N. W. 166, 43 A. L. R. 1245. Nor the taking of promissory notes for the balance of the purchase price. *Federal Commercial & Savings Bank v. International Clay Machinery Co.,* 230 Mich. 33, 203 N. W. 166, 43 A. L. R. 1245; *Contractor's Equipment Co. v. Reasner,* 242 Mich. 589, 219 N. W. 713; *Galion Iron Works & Mfg. Co. v. Service Coal Co.,* 264 Mich. 298, 249 N. W. 852.' *Uhl v. Wexford Co.,* 268 Mich. 473, 256 N. W. 488, 489.

"Plaintiffs did not attempt to take possession of the property or to forfeit defendants' rights thereto. Plaintiffs elected to begin suit to foreclose the contract and to recover deficiency in case one should arise. Treating the instrument as a conditional sale, plaintiffs, by commencing suit, elected to waive title to the property and are restricted to recovery of a money decree against defendants."

See, also, *In re Voight Pros't Brewing Co. (Michael Yundt Co. v. National Bank of Detroit)* 6 Cir., 115 F. (2d) 733.

The instrument under consideration reveals that it is denominated a Conditional Sale Contract, which although not conclusive is some evidence of the intention of the parties; that the parties are characterized therein as seller and buyer and the word contract appears repeatedly; that for relief, it is provided therein that possession of the property may be had or the unpaid balance may be declared due and payable and no provision is made whereby the seller may take possession and obtain a deficiency judgment; that no promissory note was executed along with the instrument as in the case of a mortgage; that the instrument was executed by both parties rather than by one as in the case of a mortgage; that title was expressly reserved in the seller; and that the seller executed a warranty that he held title to the property; and we find no provision therein which is inconsistent with that of a Conditional Sale Contract.

We are, therefore, of opinion that the instrument in question was a Conditional Sale Contract not required to be recorded under the law of the State of Michigan in order to be effective and valid against claims of subsequent purchasers, or lien holders; that the Order should be affirmed; and It Is. So Ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE, and Moss, JJ., concur.